Blackfokd, J.
This was an indictment for perjury. The charge, so far as any question in this case is concerned, is as follows: That on, &o., at, &c., the defendant made an affidavit that a certain steamboat at the landing at Vincennes, laden in part with certain goods, &c., to be delivered at Vincennes, &c., of the value of $9,000 as the defendant believed, was attempting to pass said place of delivery without delivering said freight; whereas, in truth and in fact, at, &c., the defendant did not believe that the said steamboat, then at the landing at Vincennes, &c., was attempting to pass said place of delivery without delivering said freight; and whereas the defendant, in truth and in fact, did not believe said freight was of the value of $9,000. And so the jurors say, &c.
H. O’Neal, for the State.
S. Judah, for the defendant.
The Circuit Court, on the defendant’s motion, quashed the indictment.
The indictment is objected to, because it does not allege that the boat was not attempting to pass the place of delivery; and, also because there is no averment that the goods were not worth $9,000.
These objections are unfounded. To constitute perjury the oath must, of course, be false, but that may be the case whilst, at the same time, the matter sworn to is true. The law-is, that what is sworn to must be either false in fact or, if true, the defendant must not have known it to be so. Lord *Coke uses the following language on the subject: “ Herein the law talceth a diversity between falsehood in express words, and that is only within this statute (5 Eliz.),. and falsehood in knowledge or mind, which may be punished though the words be true. For example, damages were awarded to the plaintiff in the star-chamber according to the value of his goods riotously taken away by the defendant; the plaintiff caused two men to swear the value of his goods, that never saw nor knew them; and though that which thej swore was true, yet because they knew it not, it was a false oath in them, for the which both the procurer and the witnesses were sentenced in the star-chamber.” 3 Co. Inst., 166. The law is also so stated by the later writers on criminal law. 1 Hawk., ch. 69, sec. 6; 2 Chitt. C. L., 303; Arch. C. P., 538.
It follows, we think, that where a man swears that a thing is so, or that he believes it to be so, when, in truth, he does not believe it to be so, the oath is false though the fact really be as stated.
That being the law, there could, be no occasion, in the case before us, for the indictment to aver that the boat was not attempting to pass the place of delivery, or that the goods described were not worth $9,000.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.