THE STATE *v.* ELLISON.

An indictment for perjury stating that the defendant came before *L.,* a justice, &c., and then, &c., was sworn before said *L.,* being such justice, &c., shows, with sufficient certainty, by whom the oath was administered.

In such indictment alleging that, on, &c., the defendant had sworn that, on, &c., at, &c., *A.* had feloniously taken and carried away from, &c., one hundred and twenty ears of corn, as the defendant verily believed, it was averred that *A.* did not, on, &c., or at any other time, feloniously take and carry away one hundred and twenty ears of corn from, &c., or any other number of ears, nor had the defendant any reason to believe, nor did he believe, that *A.,* on, &c., or at any other time, had feloniously taken and carried away any corn from, &c. *Held,* that the averment was sufficient.

ERROR to the *Warrick* Circuit Court.  <span>*Monday,*<br>*November* 30.</span>

PERKINS, J.—Indictment for perjury. Indictment quashed in the Circuit Court. Two objections are taken to it by the counsel for the defendant.

1. That the indictment is bad because it does not aver by whom the oath charged to be false was administered.

The allegation upon that point is, that *Berry Ellison,* &c., wickedly contriving, &c., " on the thirteenth day of *July,* in the year of our Lord one thousand eight hundred and forty-three, at and in the county aforesaid, came in his proper person before *John Leslie,* Esq., a justice of the peace in and for the county of *Warrick* aforesaid, and then and there in due form of law was sworn , and did take his oath before the said *John Leslie,* Esq., then being such justice," &c., as aforesaid; " he the said *John Leslie,* Esq., then and there having sufficient and competent authority," &c. A reference to 2 Chitt. C. L., p. 324, will show that the indictment in this case conforms, substantially, to the precedents there given as approved in cases of perjury, and, we think, states with sufficient certainty by whom the oath was administered. We have

Nov. Term, 1846.

THE STATE
v.
. ELLISON.

observed no form of indictment for perjury, which avers that the oath was administered *by* the officer before whom it is alleged to have been taken.

2. That the assignment of perjury is too general, and does not, with sufficient certainty, negative the belief sworn to.

*Ellison's* affidavit, upon which the perjury is assigned, made on the 13th of *July*, 1843, was, that on the 30th of *June*, 1843, at the county of *Warrick*, *William Mifford*, *Elliott Mifford*, and *Carl Mifford*, late of said county, were guilty of feloniously taking and carrying away from the affiant's crib of corn one hundred and twenty ears of corn, as he verily believed. The indictment avers that the "said affidavit is false, corrupt, and fraudulent, in this, to wit, that they the said *William Mifford*, *Elliott Mifford*, and *Carl Mifford*, did not, on the thirtieth day of *June*, one thousand eight hundred and forty-three, or at any other time, feloniously take and carry away one hundred and twenty ears of corn from the crib of corn of the said *Berry Ellison*, or any other number of ears, nor did either of them ever feloniously take and carry away from the crib of corn of said *Berry Ellison* one hundred and twenty or any other number of ears of corn, nor had the said *Berry Ellison* any reason to believe, nor did he in truth and in fact believe, that the said *William Mifford*, *Elliott Mifford*, and *Carl Mifford*, or either of them, on the day specified in said affidavit, or on any other day, or at any other time, had feloniously taken and carried away any corn from his said crib of corn." Russell, in his 2d vol. on Crimes, 542, observes that it is suggested in 2 Chitt. C. L., 312, that "when the defendant swears only to belief, it may be proper to aver, 'that he well knew' the contrary of what he swore, as in 4 Wentw. 231." The assignment of perjury we regard as sufficiently certain, and if it be necessary to negative the belief sworn to, we think it is sufficiently done in this indictment. See *The State* v. *Cruikshank*, 6 Blackf. 62.

We think the indictment is good.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. A. Hammond* and *J. Lockhart*, for the state.
*C. Baker*, for the defendant.