## THE STATE *v.* WALLS.

CRIMINAL LAW.—*Indictment.*—*Perjury.*— *Venue.*—Where an indictment ior perjury alleges that the oath as a witness, upon which the indictment is predicated, was administered in a certain circuit court, naming it, in a certain county; naming it, in the State of Indiana, it sufficiently appears therefrom that such oath was taken in said county and in the State of Indiana.

SAME.—*Testifying Falsely.*—*Materiality of the Matter Testified About.*—In an indictment for perjury, predicated upon the alleged false swearing of the defendant, as to a material matter, whilst testifying as a witness in a judicial proceeding, it is sufficient, as to that fact, to allege the names of the parties to the suit in which the perjury is alleged to have been committed, the court where the same was pending and the defendant sworn as a witness, averring such court or the officer administering such oath to have had competent authority, and *the statement sworn to*, together with the proper averments showing it to have been false.

From the Boone Circuit Court.

*H. C. Wills*, Prosecuting Attorney, and *C. A. Buskirk*, Attorney General, for the State.

*W. B. Walls*, for appellee.

The State v. Walls.

BIDDLE, J.—Indictment for perjury, in the following words:

" The grand jurors for the county of Boone and State of Indiana, duly and legally empanelled, charged and sworn in open court, at the November term of the Boone circuit court of said state, for the year. A. D. 1875, to enquire into felonies and certain misdemeanors in and for the body of said county of Boone and state aforesaid, upon their oath do present that heretofore, to wit, at the September term of the Boone circuit court, in the year A. D. 1875, on the seventh day of October, A. D. 1875, at said county of Boone, before the Honorable Truman H. Palmer, sole judge of the twentieth judicial circuit of Indiana, and ex officio judge of the said Boone circuit court, a certain issue between one Andrew Wallace and one William B. Walls, in a certain suit brought by said Andrew Wallace against said William B. Walls, to recover off of and from said William B. Walls money that he, the said William B. Walls, as the attorney of the said Andrew Wallace, had collected from the firm of Wilson & Shumate for said Andrew Wallace, and which he, the said William B. Walls, had failed to account to and pay over to the said Andrew Wallace, wherein the said Andrew Wallace was plaintiff and the said William B. Walls was defendant, came on to be tried in due form of law, the said court then and there having competent authority in that behalf, and the said issue was then and there tried by and before the said Honorable Truman H. Palmer, judge of said Boone circuit court as aforesaid, upon which said trial one William B. Walls then and there appeared as a witness for and on behalf of the said William B. Walls, the defendant in the suit aforesaid, and was then and there duly sworn and took his corporal oath before said court, which said oath was then and there administered to the said William B. Walls by one Levi Lane, who was then and there in writing the regularly appointed deputy-clerk of said court, duly qualified and acting as

such, the said court and the said Levi Lane then and there having competent authority in that behalf, that the evidence which he, the said William B. Walls, should give to the court, there, touching the matter then in question between the said parties, should be the truth, the whole truth and nothing but the truth, and at and upon the trial of said issue, so joined between said parties, as aforesaid, it then and there became a material question whether one Robert Wilson, one of the members of the firm of Shumate & Wilson, had, at a certain time, to wit, March the 10th, 1873, paid said William B. Walls the sum of fifty dollars to be applied on an account he, the said William B. Walls, as the attorney of said Andrew Wallace, then and there had and held against said Wilson & Shumate for collection; and the said William B. Walls, then and there, upon the trial of said issue, upon his oath aforesaid, feloniously, wilfully, corruptly and falsely, before said court aforesaid, did depose and swear in substance and to the effect following, that is to say, that said Robert Wilson never did, at any time, ever pay him any money at all to be applied on the account of Andrew Wallace, which he, the said William B. Walls, attorney as aforesaid for said Andrew Wallace, then and there against said Wilson & Shumate had and held for collection in favor of Andrew Wallace aforesaid; whereas, in truth and in fact, said Robert Wilson did, on or about the 10th day of March, A. D. 1873, pay to said William B. Walls, attorney for said Andrew Wallace, as aforesaid, the sum of fifty dollars to be applied on said account, which he, said William B. Walls, attorney for said Andrew Wallace as aforesaid, then and there held against said firm of Wilson & Shumate for collection as aforesaid; and so the jurors aforesaid, upon their oath aforesaid, say that the said William B. Walls, on the said seventh day of October, in the year A. D. 1875, at the county aforesaid, before the Boone circuit court aforesaid, upon the trial aforesaid, did, in manner and form aforesaid, feloni-

ously, wilfully, corruptly and falsely commit wilful and corrupt perjury, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Indiana.

"HENRY C. WILLS,

"Prosecuting Attorney."

Upon motion of the defendant the court quashed this indictment; the state excepted and appealed.

The appellee insists that the ruling of the court is right, because,—

1. The indictment does not sufficiently charge the venue to be in the county of Boone and state of Indiana.

We think it does, throughout the entire indictment.

2. That it does not charge that the oath was taken in the county of Boone, and state of Indiana.

It charges that the Boone circuit court is in the county of Boone, and state of Indiana; that the oath was administered in the Boone circuit court in said county of Boone. This is sufficient. The said county of Boone can be in no other state than Indiana.

3. That it does not sufficiently charge the materiality of the matters sworn to.

We think it does. In this respect the common law strictness, once required in indictments for perjury, in such cases, is very much relaxed by our statute, which enacts, that "In indictments for perjury in a judicial proceeding, it shall only be necessary to set forth, in the indictment, the names of the parties to the suit in which the perjury is alleged to have been committed; in what court the party charged was sworn, and by whom, averring such court or officer to have competent authority; the statement sworn to, together with the proper averments to falsify the matters whereof the perjury may be assigned; without setting forth any part of the proceedings, or the authority of the court, or officer before whom the perjury is alleged to have been committed; * * *." 2 R. S. 1876, p. 445, sec. 44.

It seems to us that this indictment sufficiently fulfils every one of the above requisites.

We have also a statute which enacts, that "No indictment or information may be quashed or set aside for any of the following defects;

"First. For a mistake in the name of the court or county in the title thereof;

"Second. For the want of an allegation of the time or place of any material fact, when the venue and time have once been stated in the indictment, or information;

"Third. That dates and numbers are represented by figures.

"Fourth. For an omission of any of the following allegations, viz.: 'with force and arms,' 'contrary to the form of the statute,' or, 'against the peace and dignity of the state of Indiana;'

"Fifth. For an omission to allege that the grand jurors were impanelled, sworn or charged;

"Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged; nor,

"Seventh. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 2 R. S. 1876, p. 386, sec. 61.

We think all the defects alleged against this indictment, if they ever existed, are healed by the several clauses in the above section. The following authorities will support these general rules of construction, as applicable to indictments under our code. *The State* v. *Ellison*, 8 Blackf. 225; *The State* v. *Mathis*, 21 Ind. 277; *Wall* v. *The State*, 23 Ind. 150; *The State* v. *Flagg*, 25 Ind. 369; *Bailey* v. *The State*, 39 Ind. 438; *Willey* v. *The State*, 46 Ind. 363.

The judgment is reversed, at the costs of the appellee, and cause remanded with instructions to overrule the motion to quash the indictment, and for further proceedings.