The State *v.* Schultz.

---

## THE STATE *v.* SCHULTZ.

CRIMINAL LAW.—*Perjury.—Indictment.—County Commissioners.*—An indictment for perjury, alleged to have been committed by a witness during the pendency of a proceeding before the "board of commissioners of said county," where the name of such county has been previously mentioned therein, sufficiently names such board.

SAME.—*Time.— Venue.*—Where, in such case, such proceeding is first alleged to have occurred at a certain time and county, a subsequent averment by the indictment, that the alleged perjury occurred " then and there," sufficiently fixes the time and lays the venue.

SAME.—*Highway.—Statute Construed.—Notice.—Petition to Enter of Record.*— An indictment for perjury was based upon the alleged false swearing of a witness before a board of commissioners, during the hearing by them of a petition to enter of record a certain public highway, alleged to have been used as such, without having been recorded, for more than twenty years, in that the defendant had then and there falsely testified as a witness that such highway had been so used " for more than twenty years."

*Held,* that the charge was predicated upon a material matter.

*Held,* also, that section 45, 1 R. S. 1876, p. 534, of the act in relation to the location of highways, contemplates two different states of circumstances, under either of which the commissioners of a county may direct that a highway be entered of record, viz.: 1st, roads used as highways, which have been laid out, but not sufficiently described ; and, 2d, highways that have been used as such for twenty years, but not recorded.

*Held,* that, in either of such cases, notice of a petition to have such highways described or entered of record need not be given.

From the Warrick Circuit Court.

*G. L. Reinhard,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

*I. S. Moore,* for appellee.

WORDEN, J.—The grand jury in the court below returned an indictment against the appellee, which, omitting the formal parts, is in the following words:

" The grand jurors for the county of Warrick, and State of Indiana, upon their oaths, present and charge, that, at the regular March term, 1876, of the board of commissioners of said county, to wit, on the 8th day of March, in the year 1876, at said county, before John Erwin, Andrew J. Taylor and John Trisler, commissioners as aforesaid, a certain petition was filed before said board of commissioners, then and there in session as aforesaid, to establish a certain highway of twenty years' standing, which said petition is in words and figures following, to wit:

" ' To the Honorable, The Board of Commissioners of Warrick County, Indiana, March term, A. D. 1876 :

" ' The undersigned would respectfully represent, that a road, commencing at the east side of the old embankment of the Straight Line Railroad, east of and adjoining the town of Elberfield, in said county, and nearly opposite of the east end of Walnut street, in said town, and on the half mile line dividing sec. 19 east and west in the centre of said section, in town 4 S., R. 9 west, and running thence due east about one and ¾ miles, to Pigeon Creek, has been in use for twenty years as a public highway,

and is necessary to the convenience of the public that the same shall remain open and maintained as such highway; that said road does not exceed in width twenty-five feet; therefore they demand that said road be entered of record, and the same be declared a public highway, and as in duty bound they will ever pray.

" ' WILLIAM SCHULTZ,
" ' FREDERICK SICKMAN,
" ' H. KOLLE,
" ' FRED. KROEGER.'

" That afterward, to wit, on the day and date last aforesaid, and during the term aforesaid of the board of commissioners aforesaid, the said board were then and there trying, and then and there did try, a certain issue, point and question, as to whether the pretended road or highway described in the petition aforesaid had been in use for twenty years as a public highway, and was necessary to the convenience of the public that the same should remain open and maintained as such highway; which said proceeding by said board of commissioners was then and there in due form of law, the said board then and there having competent authority in that behalf; upon which said trial William Schultz then and there appeared as a witness for, and on behalf of, said petitioners, to wit, William Schultz, Frederick Sickman, Henry Kolle and Frederick Kroeger, whose names are signed to said petition; and the said William Schultz was then and there duly sworn, and took his corporal oath before said board of commissioners, which said oath was then and there administered to said William Schultz, by one John Nestor, who was then and there the auditor of said county, and then and there had competent authority in that behalf, that the evidence which the said William Schultz should give to the said board of commissioners, touching the matter then in question, should be the truth, the whole truth, and nothing but the truth; and at and upon the trial of said issue, point and question, as aforesaid, it then

and there became a material question whether the road, or pretended road, described in said petition, had then and there been in use and maintained as a public highway for over twenty years; and the said William Schultz then and there, on the trial of said issue, point and question, upon his oath aforesaid, feloniously, wilfully, corruptly and falsely, before the board of commissioners aforesaid, did depose and swear in substance and to the effect following, that is to say : that the said road in said petition described had been then and there in use and operation as a public highway for over twenty years; whereas in truth and in fact the said road so described in said petition as aforesaid had not then and there been in use for over twenty years, nor for more than twelve years, if indeed it had been in use as such; and so the jurors aforesaid, upon their oaths aforesaid, do say that the said William Schultz, on the said 8th day of March, in the year 1876, before the board of commissioners aforesaid, upon the trial aforesaid, in manner and form aforesaid, did feloniously, wilfully, corruptly and falsely commit wilful and corrupt perjury."

On motion of the defendant the indictment was quashed, and the State excepted, and appeals to this court.

We proceed to consider the objections which the appellee makes to the indictment.

1.   It is objected that the name or style of the court in which the perjury was alleged to have been committed was not correctly stated, and the case of *The State* v. *Street*, 1 Murphey, 156, is cited in support of this objection.

In the case cited, the perjury was alleged to have been committed in a certain " *Superior Court,*" while the legal name of the court was " Superior Court of Law," and the objection was held fatal, on a motion in arrest of judgment.

The true name of the court in this case was " The

Board of Commissioners of the County of Warrick." 1 R. S. 1876, p. 350, sec. 5.

In the indictment, the offence is charged to have been committed before "The Board of Commissioners of said county." But Warrick county having been previously mentioned, the statement is equivalent to a statement that it was committed before "The Board of Commissioners of Warrick County;" and the designation, it seems to us, signifies the same thing as "The Board of Commissioners of the County of Warrick."

We are of opinion that there is no substance in this objection.

2. It is objected that no day certain was stated, on which the offence was committed. This is a misapprehension. The 8th day of March, in the year 1876, had been mentioned. The evidence alleged to have been false was charged to have been given "then and there." This doubtless referred to the time and place previously mentioned.

3. It is claimed that the indictment was properly quashed, because it did not allege that the crime was committed in Warrick county. The county had been previously mentioned, and the word "there" referred to it for venue. *The State* v. *Walls*, 54 Ind. 407.

4. It is claimed that there was no proper assignment of perjury; in other words, that if what the defendant was charged to have sworn to was untrue, still it could not have been perjury, because it was immaterial. The counsel for the appellee, as we understand his brief, argues that it was not material whether the road had been in use twenty years, because the use of a road by the public for a less period might constitute the road thus used a public highway, and he cites upon the point the following cases : *Fisher* v. *Hobbs*, 42 Ind. 276; *The City of Evansville* v. *Evans*, 37 Ind. 229. It may be conceded for the purposes of the case, that the right of the public to use land as a highway may be acquired by a user of less than

twenty years. But this proposition in no manner affects the question which was involved in the proceeding before the board of commissioners. In other words, it does not show, that, in the proceeding before the board, it was not material whether the road had been used by the public for twenty years. The statute on which the proceeding before the board was based provides, that "All public highways which have been or may hereafter be used as such for twenty years or more, shall be deemed public highways, and the board of county commissioners shall have power to cause such of the roads used as highways as shall have been laid out, but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described and entered of record." 1 R. S. 1876, p. 534, sec. 45.

The statute quoted provides for two classes of cases: First, roads used as highways which have been laid out but not sufficiently described. Such roads thus laid out and used need not have been used twenty years before the board can proceed to have them ascertained, described, etc. Second, highways that have been used as such for twenty years but not recorded. In cases of the second class, it is plain that before the board can proceed to have the road ascertained, described and entered of record, it must have been used for twenty years.

The case before the board was of the second class. There was no pretence in the petition that the road had ever been laid out, but the sole ground on which the action of the board was invoked was, that the road had been used twenty years. While the right of the public to use land as a highway may be acquired by less than twenty years' user, still the board of commissioners are not authorized to cause a road, used but not recorded, to be ascertained, described and entered of record, unless it has been used twenty years. The evidence was therefore material, and we think it was both competent and proper for the board to hear evidence upon the point.

If the road had not been used twenty years, the prayer of the petition could not have been granted.

5. It is finally claimed that the board of commissioners had no jurisdiction of the matter in which the oath was administered, and therefore that perjury could not have been committed. This position is assumed, because the indictment does not show that there was notice or process served in the cause before the board. We pass over the question, whether, in case the law required notice or process in the cause, it would have been necessary that the indictment should have shown that such notice was given or process served.

We are of opinion, upon an examination of the statute, that no notice or process was necessary in the proceeding before the board. On an application for the location, vacation or change of a highway, notice must be given by publication in a newspaper, or by posting up notices; but we find no law requiring or providing for notice, in cases like that in which the perjury is alleged to have been committed. The law does not provide for notice in such cases, nor the manner of giving the same; and it seems to us that it was contemplated by the Legislature, that the board might exercise the power conferred by the statute set out above, without the publication of such notice as is required on applications to locate, vacate or change highways.

We have thus considered the objections made to the indictment, and are of opinion that they are not well taken; nor do we discover any other substantial objection to it. We are of opinion that the court erred in quashing it, and that the judgment should be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.