VANDEVER ET AL. *v.* GARSHWILER ET AL.

HIGHWAY.—*Petition to Ascertain, Describe and Record Highway.—Motion to Strike Out.—Supreme Court.—Practice.*—The judgment of a court, rendered upon a petition for ascertaining, describing and entering of record an unrecorded highway, will not, generally, be reversed by the Supreme Court, for overruling a motion to strike out parts of the petition.

SAME.—*Motion to Dismiss.*—It is not error to overrule a motion to dismiss such a petition, where no ground for the motion is specified.

SAME.—*Electing Between Paragraphs.*—The petitioners in such case can not be compelled to elect upon which of several paragraphs of their petition they will proceed to trial.

SAME.—*Number of Freeholders.*—Such a petition is not required to be signed by twelve freeholders of the county.

SAME.—*Demurrer.—Sufficiency of Petition.*—The sufficiency of such a petition may be tested by demurrer or motion.

SAME.—*Notice.*—Such petition should state the names of the owners of lands affected, so that the court may cause proper notice to be given.

SAME.—*Appearance.*—An appearance by a remonstrant cures the want of notice.

SAME.—*Viewers not Required.— User.—Evidence.*—Viewers are not required in such proceeding; as the fact necessary to be established is, in one class of cases, user for more than twenty years, with the consent of the owners, or, in the other class, that the highway has been laid out but not recorded.

SAME.—*New Trial.—Motion to Strike Out and Dismiss.—Practice.*—Error in refusing to strike out parts of the petition, or in overruling a motion to dismiss the same, are not causes for a new trial.

SAME.—*Evidence.—Instructions.— Supreme Court.—Assignment of Error.*—Error in admitting or excluding evidence, and in giving or refusing in-

structions to a jury, are causes for a new trial, and can not properly be as-signed as error, in the Supreme Court.

SAME.—*Motion in Arrest.*—*Record.*—No question upon the ruling on a motion in arrest of judgment can be presented to the Supreme Court, where the record does not contain a motion therefor, assigning reasons.

From the Johnson Circuit Court.

*G. M. Overstreet* and *A. B. Hunter,* for appellants.

*S. P. Oyler, F. S. Staff* and *L. Short,* for appellees.

PERKINS, J.—Shelby H. Garshwiler and eleven other persons filed a petition in the commissioners' court of Johnson county, asking that a certain highway be particularly described, and the description entered of record.

The petition is in three paragraphs.

The first states that the " highway is a road leading from the Three-Notch line road, to the Mount Pleasant meeting-house and the road leading south from said Mount Pleasant meeting-house ; that said described public highway is twenty feet wide, and has been accepted and used by the public, as a public highway, for more than thirty-five years before the filing of this petition."

The second paragraph states " that said public highway leads from the Three-Notch line road, to the said public highway leading south to the Franklin and Martinsville gravel road, and is twenty feet wide, and been " used, etc., " for more than twenty-five years before the filing," etc.

The third paragraph states " that said described highway is a road leading from the Three-Notch line road, to the Mount Pleasant meeting-house and the public highway leading south from said Mount Pleasant meeting-house, and is twenty feet wide, and has been used thirty-five years," etc.

Motions to dismiss were made and overruled.

A remonstrance was filed by Samuel Hemphill and eighteen other persons, against permitting said road to be described and made matter of record, for reasons following:

1. Said highway had never been accepted, used and worked;

2. Said route never was a public highway;

3. Said road would not be of public utility; and,

4. "Because said proposed road will run through enclosed premises of more than one year's standing, and another route can be obtained."

A part of the remonstrance was struck out, on motion.

The court of commissioners heard the case, found for the petitioners, and ordered the road made a matter of record.

The remonstrants appealed to the circuit court.

In that court the third paragraph of the petition was struck out, on motion, but the court refused to strike out the first and second paragraphs, and the remonstrants excepted.

The court overruled a motion to dismiss the entire petition, and the remonstrants excepted.

The cause was tried by a jury; finding for the petitioners, on the first paragraph of their petition.

Motions for a new trial, and in arrest of judgment, overruled, exceptions, and the court entered the following judgment:

"It is therefore considered, adjudged and decreed by the court, that the road and route situate and being in the county of Johnson and State of Indiana, described in the petition herein as follows:

"Commencing at the south-west corner of section twenty-four (24), township twelve (12) north, range three (3) east, at a point on the Three-Notch line road; thence due east, on the south line of said section, three hundred and twenty rods, to the township line dividing Franklin and Union townships; thence north, with and on said township line, eight rods, to the south line of section nineteen, town twelve north, range four east; thence east, with and

on said section line, two hundred and ninety-seven rods, to the Mount Pleasant meeting-house, and to the intersection of a road leading south from said meeting-house aforesaid, and of the width of twenty feet along the route aforesaid, ten feet on either and both sides of the line aforesaid;—is a public highway, and of right should be entered of record as such; and the board of commissioners of Johnson county, State of Indiana, are hereby ordered to cause the record of said road and highway, as above described, to be made and entered upon the records of said county of Johnson, State of Indiana; and the clerk of this court is hereby ordered to furnish to said board of commissioners a certified copy of this decree."

The following are the causes assigned in the motion for a new trial:

1.   Error of the court in overruling the motion to dismiss the petition;

2.   Error of the court in overruling the motion to dismiss the first paragraph of the petition;

3.   Error of the court in overruling the motion to dismiss the second paragraph of the petition;

4.   Error of the court in refusing to admit evidence that the petitioners were not all freeholders;

5.   Because the verdict was not sustained by evidence;

6.   Because the verdict was contrary to law;

7.   Because the court erred in giving instructions 1, 2, 3, 4 and 5, and each of them; and,

8.   Because the court erred in refusing to give instruction No. 8.

On the overruling of the motion for a new trial, the remonstrants moved in arrest of judgment, and the motion was overruled.

The assignment of errors is as follows:

1.   Overruling the motion to dismiss the petition;

2.   Overruling the motion to dismiss the first paragraph thereof;

3.  Overruling the motion to dismiss the second paragraph thereof;

4.  Overruling the motion to require petitioners to elect, etc.;

5.  Overruling the offer to give evidence that the petitioners were not freeholders;

6.  Overruling the motion for a new trial;

7.  Overruling the motion in arrest of judgment;

8.  Error in giving instructions from 1 to 5;

9.  Error in refusing to give instruction 8;

10.  Because the verdict was not sustained by evidence;

11.  Because the verdict was contrary to law.

In practice under the code, in civil cases, a judgment will not, generally, be reversed because the court refused to sustain a motion to strike out parts of a pleading; and certainly no ground was shown for the motion to dismiss the petition. There is nothing in the first three assignments of error. *The Terre Haute, etc., R. R. Co.* v. *Graham,* 46 Ind. 239.

As to the fourth, we know of no such practice in civil cases, as that of compelling a plaintiff to elect on which of several paragraphs of complaint he will proceed to trial.

In considering the fifth assignment of error, it will be proper, if not necessary, that we should examine and decide whether it was requisite, to constitute a valid petition, that it should be signed by twelve freeholders.

It has already been decided that a different course of procedure may be adopted in applications for the describing and entering of record of highways under sec. 45, 1 R. S. 1876, p. 534, than is required in laying out highways. That section reads as follows:

" All public highways which have been or may hereafter be used as such for twenty years or more, shall be deemed public highways, and the board of county commissioners shall have power to cause such of the roads used as highways

as shall have been laid out, but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described and entered of record."

In reference to proceedings under this section, this court, in *The State* v. *Schultz*, 57 Ind. 19, said:

" We are of opinion, upon an examination of the statute, that no notice or process was necessary in the proceeding before the board.   On an application for the location, vacation or change of a highway, notice must be given by publication in a newspaper, or by posting up notices; but we find no law requiring or providing for notice, in cases like that in which the perjury is alleged to have been committed.   The law does not provide for notice in such cases, nor the manner of giving the same; and it seems to us that it was contemplated by the Legislature, that the board might exercise the power conferred by the statute set out above, without the publication of such notice as is required on application to locate, vacate or change highways."

In the case from which the above quotation is made, a petition in the cause in which the proceedings were held not void is set out, and is signed by but four persons, and no one of them appears to have been a freeholder.   In *Weston* v. *Lumley*, 33 Ind. 486, so far as appears, the petition may not have been signed by more than two persons, citizens of Monroe county, but whether freeholders or not is not shown.   If the statute required twelve petitioners, less than that number would not have given the court jurisdiction, and the proceedings would have been void.

In view of the statute, and the construction it has received, we are prepared to decide, that, in the case before us, as it was impliedly admitted that seven of the petitioners were freeholders, that number was sufficient, if it was necessary that any number should be freeholders.   Hence, the court did not err in refusing to hear the evidence offered.

The next assigned error is the overruling of the motion for a new trial. The reasons assigned for it we have stated above. The first three were not causes for a new trial. The fourth we have already considered. We can not say that the fifth and sixth causes were true. We think the verdict was sustained by evidence, and was not contrary to law.

The court did not err in the instructions given, nor in refusing the eighth. There was no error in overruling the motion for a new trial, nor in overruling that in arrest of judgment, there being no motion assigning reasons for such arrest in the record. The remaining errors assigned were but reasons that might have been, and were, assigned in the motion for a new trial.

It may not be improper, before closing this opinion, to state, in the light of previous decisions, some of the steps necessary to be taken to obtain a description and record of a highway, under section 45, *supra.*

In the first place, if the proceeding is inaugurated by a petition, the sufficiency and certainty of it may be tested by a demurrer and motion, as are complaints in other cases. It should state the names of the owners of the property over which the road is claimed to run, so that the court can cause proper notice to be given to them of the pendency of the petition. Such notice is necessary, because, though the statute provides for none, the fundamental principles of law and justice require that those whose rights are to be directly affected by legal proceedings and judgments shall have notice and an opportunity to be heard in opposition to such proceedings. No viewers are to be appointed. The simple facts of whether it was an existing highway by user, in one class of cases, or had been laid out and not recorded, in the other, would be all the issue to be tried, and to be tried as other cases are tried. User, with the consent of the owners, must be shown.

In the case at bar the parties appeared without notice, which cured the defect of want of notice. See *Stephenson* v. *Farmer*, 49 Ind. 234.

The judgment is affirmed, with costs.