## GIBBONS v. COPPER.

67  81
148   8

HIGHWAY.—*User for Twenty Years, or Insufficient Description.—County Commissioners.—Pleading.—Notice.*—The proceedings contemplated by section 45 of the highway act, 1 R. S. 1876, p. 534, to cause highways laid out but insufficiently described, and highways used for twenty years but not recorded, to be ascertained, described and recorded, are summary in their character, and may be instituted and maintained by the proper boards of county commissioners, without petition by, or notice to, any one.

SAME.—*Application to be made Party.—Petition.*—Any person competent to sue may, by petition or upon motion, make himself a party to any such proceeding ; but no question as to the sufficiency of a petition for the institution of such a proceeding can be raised

SAME.—*Remedy.—Appeal.—Injunction.*—Any person aggrieved by the final action of the board of commissioners may have his remedy either by injunction or appeal, as the circumstances of the case may require.

From the Madison Circuit Court.

*J. A. Harrison*, for appellant.

*C. L. Henry* and *W. S. Diven*, for appellee.

NIBLACK, J.—Michael Copper, the appellee, filed with the Board of Commissioners of Madison County a petition, the substantial portion of which was as follows :

" The undersigned would represent that, on the line between sections eight (8) and nine (9), in township eighteen (18) north, range seven (7) east, in the county of Madison and State of Indiana, from north to south, there has been for twenty years last past a public highway and free

passage for the public, but that the same has not been recorded as such; and whereas, within the past six months, certain owners of lands, on a part of said highway, have been encroaching their fences upon said highway, the undersigned would remonstrate against said obstruction, and asks that the same" (said road) " be declared by you a public highway, ascertained, described and entered of record as such, and taken in charge as such by the township trustee and road supervisor."

Rodney Gibbons, the appellant, being the owner of some of the lands over which the supposed highway ran, appeared to the petition and moved to dismiss it, for an alleged insufficient description of the highway referred to in such petition; also, because the names of the owners, occupants or agents of the lands through which such highway passes were not set forth in said petition;—but the commissioners overruled his motion, and, after hearing evidence, found in favor of the petitioner, and entered an order accordingly. Gibbons appealed to the circuit court, where he renewed his motion to dismiss the petition, but his motion was again overruled; after which he answered in general denial. The circuit court then proceeded to hear evidence, and to make a finding, that the alleged line of road had been used as a public highway, to the width of one rod, for more than twenty years, and, over motions for a new trial and in arrest of judgment, rendered judgment that such line of road be recorded as a public highway.

Errors are assigned in this court, in such a way as to raise, in several forms, the question of the sufficiency of the petition merely, the evidence not being in the record.

The objections urged here to the petition are substantially the same as those made before the county commissioners, on the motion there to dismiss the petition.

A petition to lay out, vacate or change a public highway in any county, must be signed by twelve freeholders, must state the beginning, course and termination of the proposed highway, vacation or change, and must set forth the names of the owners, occupants or agents of the lands to be affected by the granting of the prayer of such petition. 1 R. S. 1876, p. 531, sec. 15.

But we are unable to see any thing in the statute, requiring a similar petition in cases like the one under consideration. Section 45 of the act concerning highways, 1 R. S. 1876, p. 534, enacts, that "All public highways which have been or may hereafter be used as such for twenty years or more, shall be deemed public highways, and the board of county commissioners shall have power to cause such of the roads used as highways as shall have been laid out but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described and entered of record."

In the case of *The State* v. *Schultz*, 57 Ind. 19, it was held by this court, that, in proceedings before the county commissioners, under this section, no process or notice is necessary to enable such commissioners to ascertain, describe and enter of record the classes of roads mentioned in such section.

The conclusion reached in that case leads us to further hold, that no formal petition, or pleadings of any other kind, are necessary to enable county boards to exercise the powers conferred upon them by section 45 above quoted, and that, hence, no material question is presented for the consideration of this court by the assignments of error in this case, which are only on the various rulings sustaining the sufficiency of the petition. Any person competent to sue may, doubtless, by petition or upon proper motion, make himself a party to the proceedings contemplated by said section 45, but we do not regard it as necessary to the

validity of such proceedings, that some one shall be made a party to them, either as petitioner or otherwise, such proceedings being altogether summary in their character. It is, we think, within the power of any board of commissioners to institute and maintain such proceedings, upon its own motion, leaving to any person aggrieved thereby his remedy, either by appeal or by injunction, as, under the circumstances, may be most appropriate.

No cause has been shown for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.