## HIGHAM ET AL. *v.* WARNER ET AL.

HIGHWAYS.—*Proceeding to Describe and Enter of Record.—Petition.—Board of Commissioners.*—Proceedings by the board of commissioners of a county to ascertain, describe and enter of record a public highway, alleged to have been used for twenty years but not recorded, (1 R. S. 1876, p. 534, sec. 45,) need not be commenced by petition, as the board may proceed upon its own motion; but, if moved for by any person other than the board of commissioners, a petition is proper, but unnecessary.

SAME.—*Sufficiency of Evidence.*—Where the evidence on the trial of such cause shows that the road has been used for more than twenty years, and regularly worked as a public highway, and the survey shows the termini exactly, and the line of the road between them, by distances and directions from point to point, so that any practical surveyor may easily ascertain and describe the road as surveyed, it is sufficient to sustain a verdict in favor of the plaintiff.

SAME.—*Jurisdiction.*—The board of commissioners and, on appeal, the circuit court, have jurisdiction of such proceedings.

SAME.—*Interrogatories to Jury.—Special Finding.*—In such a proceeding interrogatories to the jury, as a basis for a special finding, which are directly important to the case, are proper.

SAME.—*Instruction.—Assignment of Error.—New Trial.*—Error in giving instructions, and in refusing to propound interrogatories, are causes for a new trial, but can not be assigned as error.

From the Ohio Circuit Court.

*J. A. Works, J. D. Works, J. D. Haynes* and *J. K. Thompson,* for appellants.

BIDDLE, J.—Proceedings by the Board of Commissioners of Switzerland county, to ascertain, describe, and enter of

record a public highway, which, as it was alleged, had been used for twenty years, but not recorded. The proceedings were commenced by a petition signed by twenty citizens, praying that the road might be ascertained, described and entered of record. Notice was regularly given of the application. Remonstrators appeared to the petition and opposed the proceedings, but the board found that there was such a road, which had been used for twenty years, and appointed the county surveyor to ascertain and describe it. The surveyor reported to the board a regular survey of the road, in distance, direction and termini, with a plat of the survey. Upon the hearing of the report, the board adopted and approved it, and ordered the highway to be entered of record, to the width of thirty feet. The remonstrators appealed to the Switzerland Circuit Court, and the case was sent thence, by a change of venue, to the Ohio Circuit Court, wherein various motions to dismiss the proceedings and the appeal, for defects in the petition, were made and overruled. A trial by jury was had, resulting in a general verdict for the plaintiffs, and a special finding that there was such a road as that described in the petition, and that it had been used for twenty years prior to the filing of the petition; that it was thirty feet wide, particularly describing it according to the location and survey made by the county surveyor and returned to the board of commissioners.

Motion for new trial overruled; motion in arrest of judgment overruled; judgment, ordering the road to be entered of record as a public highway, as ascertained and described by the verdict, thirty feet wide; appeal.

In this court we find eleven assignments of error. They are too long to state, nor is it necessary to state them. The first two go to the sufficiency of the petition; the next three go to the jurisdiction of the Board of Commissioners of Switzerland county, to the jurisdiction of the Switzer-

land Circuit Court, and to the jurisdiction of the Ohio Circuit Court. We may dispose of these at once by saying that it is not necessary to file any petition in such case, and that the jurisdiction of the board of commissioners, and the right to appeal to the circuit court, and the jurisdiction of the circuit court on appeal, have been frequently recognized in such cases by this court. *Stephenson* v. *Farmer*, 49 Ind. 234; *The State* v. *Schultz*, 57 Ind. 19; *Vandever* v. *Garshwiler*, 63 Ind. 185.

It is not error to commence such proceedings by petition, and doubtless proper, when moved by any person other than the board of commissioners; but the board may proceed upon their own motion, if they think it proper to do so. But a written petition is not necessary in either case.

The sixth assignment of error presents the question of overruling the motion in arrest of judgment. We can see no ground to support the motion, and none has been shown to us.

The seventh assignment objects to the interrogatories propounded to the jury, upon which they based their special finding. To these we can find no objection. They present important questions: 1. Was there such a road? 2. Had it been used twenty years? 3. What was its description? Each of which is directly important to the case.

The eighth and ninth assignments go to the instructions. These are causes for a new trial, and not grounds for assignments of error.

The eleventh assignment of error is that the court refused to propound a certain interrogatory to the jury, as to the width of the road, as the basis of a special finding. This is a cause for a new trial, and not for an assignment of error.

There remains yet the tenth assignment of error, which

is overruling the motion for a new trial, and is properly assigned. Under this assignment the appellants discuss the instructions, given and refused, and the sufficiency of the evidence to sustain the general verdict and special finding.

The instructions are too numerous and too long to set out. If we are right in this opinion, those given by the court are right, except that some of them are quite too favorable to the appellants. Those asked by the appellants, and refused by the court, were to the effect that, if the petition was insufficient, the proceedings could not be maintained; they were therefore properly refused. The appellants seem to think that the proceedings should be the same as those instituted to survey, locate and establish a public highway originally. This is not necessary, except as to the exactness of the road in its survey.

The evidence is clearly sufficient. It shows that the " Donation Road," as it was called, had been used more than twenty years, and regularly worked from time to time as a public highway. The survey shows the termini exactly, and the line of the road between them, by distances and directions from point to. point. Any practical surveyor could easily ascertain and describe the road as it is surveyed. It should be kept in mind, that the proceedings were not instituted to survey, locate and establish a highway originally, but to cause a road which had been used for twenty pears, but not recorded, "to be ascertained, described and entered of record." Sec. 45, 1 R. S. 1876, p. 534. This, as it appears to us, has been regularly done according to law. There is no error in the record.

The judgment is affirmed, at the costs of the appellants.

Opinion filed, and petition for a rehearing overruled, at November term, 1879.