No. 11,709.

## YELTON ET AL. *v.* ADDISON ET AL.

HIGHWAY.— *User for Twenty Years.*—*Proceedings to Enter of Record.*—*Notice.* —Under the statute, R. S. 1881, section 5035, the board of county commissioners may cause a public highway which has been used for twenty years without being recorded, to be ascertained, described, and entered of record. No land not already in use by the public is to be taken. Yet the proceeding involves an inquiry and decision affecting the rights of the owners of property; and these must in some manner be notified of the pendency of the proceedings. · No presumption of notice will be indulged.

SAME.—*Appeal to Circuit Court.*—*Dismissal for Want of Notice.*—Persons aggrieved by the decision of the board may appeal therefrom, under the general statute, and may move, in the circuit court, to dismiss the cause for the want of any notice of the proceeding before the board.

From the Henry Circuit Court.

*C. C. Perdiew* and *J. M. Morris,* for appellants.

*L. P. Mitchell, D. W. Chambers* and *J. S. Hedges,* for appellees.

BLACK, C.—Upon a petition signed by the appellees, the board of commissioners of Henry county ordered that a certain road, described in the petition and alleged therein to have been used as a public highway for more than twenty years, be a road of record thirty feet in width and be kept in repair as other highways already established.

From this decision Hayden Yelton and Alexander Reynolds, who are the appellants here, took an appeal to the Henry Circuit court, by the filing of an affidavit and an appeal bond with the county auditor. In the circuit court, the parties having appeared by their attorneys, the appellants moved to dismiss the cause, and the motion was overruled. Among the grounds stated in this motion was the following: "Because there was no notice given of the filing of the petition in said cause, nor of the petitioners' intention to present their petition in said cause to said board of commissioners,

nor did these defendants have any notice thereof before the hearing and determination thereof."

The transcript and papers filed in the circuit court showed the proceeding before the board of commissioners to have been *ex parte,* and did not show the giving of notice thereof in any manner.

The proceeding was based upon the provision of section 5035, R. S. 1881, that the board of county commissioners shall have the power to cause such of the roads used as highways as have been used for twenty years, but not recorded, to be ascertained, described and entered of record. The statute makes no provision for notice. In *Weston* v. *Lumley,* 33 Ind. 486, 493, a proceeding under this statute was spoken of as being *ex parte* and to some extent in the nature of a proceeding *in rem.* In *State* v. *Schultz,* 57 Ind. 19, in speaking of such a proceeding and of said statute, it was said: "We are of opinion, upon an examination of the statute, that no notice or process was necessary in the proceeding before the board. On an application for the location, vacation or change of a highway, notice must be given by publication in a newspaper, or by posting up notices; but we find no law requiring or providing for notice, in cases like that in which the perjury is alleged to have been committed. The law does not provide for notice in such cases, nor the manner of giving the same; and it seems to us that it was contemplated by the Legislature, that the board might exercise the power conferred by the statute set out above, without the publication of such notice as is required on applications to locate, vacate or change highways." In *Vandever* v. *Garshwiler,* 63 Ind. 185, this passage from *State* v. *Schultz, supra,* was quoted, and afterwards the following language was used by PERKINS, J.: "It may not be improper, before closing this opinion, to state, in the light of previous decisions, some of the steps necessary to be taken to obtain a description and record of a highway, under section 45, *supra,*" (being said section 5035, R. S. 1881). "In the first place, if the proceeding is inaugurated

by a petition, the sufficiency and certainty of it may be tested by a demurrer and motion, as are complaints in other cases. It should state the names of the owners of the property over which the road is claimed to run, so that the court can cause proper notice to be given to them of the pendency of the petition. Such notice is necessary, because, though the statute provides for none, the fundamental principles of law and justice require that those whose rights are to be directly affected by legal proceedings and judgments shall have notice and an opportunity to be heard in opposition to such proceedings. * * * User, with the consent of the owners, must be shown. In the case at bar the parties appeared without notice, which cured the defect of want of notice." In *Higham* v. *Warner*, 69 Ind. 549, such a proceeding had been commenced by petition, and notice was given of the application, and remonstrators opposed the proceedings before the board of commissioners. It was said that it was not necessary to file any petition in such a case, and that the jurisdiction of the board of commissioners, and the right to appeal to the circuit court, and the jurisdiction of the circuit court on appeal, had been frequently recognized in such cases by this court; that "It is not error to commence such proceedings by petition, and doubtless proper, when moved by any person other than the board of commissioners; but the board may proceed upon their own motion, if they think it proper to do so. But a written petition is not necessary in either case."

The statute contemplates the existence of a road which has been used as a public highway for twenty years, but has not been recorded. The purpose of the proceeding authorized by the statute is to cause such a public highway "to be ascertained, described, and entered of record." No land not already in use by the public is to be taken; yet the proceeding involves an inquiry and decision affecting the rights of the owners of property. To authorize the board of commissioners to adjudicate upon such rights, the persons whose

interests are to be affected must be notified, in some manner, of the pendency of the proceeding before the board.

It can not be said that the statute contemplates any seizure of the *rem*, which could operate as constructive notice to those having interests therein affected by the proceeding. There is nothing in the nature of what is expressly provided for by the statute, from the doing of which a presumption of notice thereof to interested persons can reasonably be indulged.    Whether notice by publication in a newspaper or by posting, not being directed by the statute, would give the board of commissioners jurisdiction, or whether actual notice to all whose interests would be directly affected would be necessary or proper, we will not now decide, in the absence of argument upon the matter.    In the case at bar, there was no notice of any kind, and no appearance of those whose interests would be affected, and we think that persons who, by reason of their having interests and being aggrieved by the decision, appealed therefrom under the general statute authorizing such appeals, might move in the circuit court to dismiss the cause because of the want of any notice of the proceeding before the board of commissioners.

PER CURIAM.—It is ordered upon the foregoing opinion, that the judgment be reversed at the costs of the appellees, and the cause is remanded with instructions to sustain the motion to dismiss the cause.

