IN THE

# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1896, AND MAY TERM,
1897, IN THE EIGHTY-FIRST YEAR
OF THE STATE.

---

THE TOWN OF HARDINSBURG ET AL. *v.* CRAVENS.

[No. 18,126.  Filed May 20, 1897.]

HIGHWAYS.— *Establishment Of.— Notice to Landowner.— Statute Construed.*—In a proceeding under section 6762, Burns' R. S. 1894 (5035, R. S. 1881), to ascertain, describe, and have entered of record, a public highway which has been used as such for twenty years or more, but not sufficiently described, the owner of real estate to be affected must be notified thereof, or the acts of the board of commissioners will be void.  *p. 7.*

PRACTICE.—*Commissioners' Court.—Cannot Set Aside or Modify Final Order or Judgment.*—When a proceeding is finally ended before the board of county commissioners, they cannot take it up again, and make further orders or modify those which they have already made.  *p. 8.*

OVERRULED CASES.—*Construction of Statute.—Last Decision the Law.—Exceptions.*—The last construction placed upon a statute by the Supreme Court will be held to be the law upon the subject, although the previous construction was contrary thereto, as to parties who did not enter into any contract relations on the faith of the

former construction, or change their position to the detriment of any of them, or part with value on the faith of such construction. *pp, 8–10.*

INJUNCTION.—*Wrongful Appropriation of Land for Street.*—An injunction is the proper remedy where a town is proposing to wrongfully appropriate land for a street, under color of right, without assessment, and tender of compensation to the owner. *p. 10.*

From the Washington Circuit Court. *Affirmed.*

*Mitchell & Mitchell* and *Alspaugh & Lawler*, for appellants.

*John A. Zaring* and *M. B. Hottel*, for appellee.

McCABE, J.—The appellee sued the appellants to enjoin them from taking down certain gates across an alleged highway passing over and through appellee's land. The trial court overruled a demurrer to the complaint, assigning insufficiency of facts stated therein to constitute a cause of action. The defendants refusing to plead further, the plaintiff took judgment upon demurrer. The errors assigned only call in question that ruling and the sufficiency of the facts. The substance of the complaint is that in the year 1871, and a long time previous thereto, James A. Cravens owned a large tract of land which was inclosed and used as a farm in Washington county, and during said time a road passed through a part of said farm, which road had been used by said Cravens and some of his neighbors, with his permission, for a number of years. That said road passed through said Cravens' enclosure by means of gates at each of the fences enclosing said Cravens' farm, and the same had been changed from time to time to·suit the convenience of said Cravens. That at the March term of the board of commissioners of said county, for 1871, one Aaron L. Hardin appeared before said board and made affidavit

The Town of Hardinsburg *et al. v.* Cravens.

that said road passing through said farm had been used by the public for a period of more than twenty years, and asked an order of said board to have said road laid out and established and made of record as one of the public highways of the county. That said road entire, including the portion running through said farm, was in said affidavit described and bounded as follows: "Beginning at the northeast corner of section 23 in Madison township, thence running south on the line between sections 23 and 24, and between the lands of William W. Cravens, David Patton, and Charles Ellis' heirs, about 236 rods, thence in a southwesterly direction through the lands owned by David Patton and Elijah Newland, until it intersects the section line No. 26, about three-quarters of a mile, thence west on the line of said section 26 about 100 rods, between the lands of Hyatt H. Rutherford and Elijah Newland, thence in a southwesterly direction about one-half mile through the lands owned by Hyatt H. Rutherford to the section line of section 35, thence due west about 120 rods, between lands owned by James A. Cravens and Hyatt H. Rutherford, thence in a southwesterly direction one mile to the lands owned by James A. Cravens in section 34, where said road now runs, until it intersects the south line in section 34 in said Madison township." That said Hardin, in his said affidavit, made oath that said road, with the courses and directions above described, had been used and traveled by the public for more than twenty-five years without objection or interruption, and that no record of said highway had been made, and asked that the same be recorded, and that a duly certified copy of the proceedings of said court be transmitted to the proper trustee, according to law. That no notice of any kind was given by said Hardin, or by the auditor of said county, or any one else, to

said Cravens, and he had no notice or knowledge of said proceeding until after the March term of said board. That no one appeared to said petition and proceeding to object to or resist the same. And said board at said March term granted said order as prayed for in said petition and affidavit, and ordered that said road be established and entered of record as described in said petition, and that the proper trustee be notified. That in truth and in fact, that part of said road which runs through the lands of said James A. Cravens had been, during said twenty-five years previous to the filing of said affidavit and petition by said Hardin, frequently changed, and had no certain defined and established roadbed or defined width, and had, in fact, never been used by the public or any one, except with gates; and said part of said road at all times had been enclosed by said Cravens, and had been by him permitted to be used with gates, and not otherwise. Said James A. Cravens, shortly after the making of said order by said board of commissioners, learned of the same, and at the next regular meeting, June term for 1871, of said board of commissioners, the said James A. Cravens appeared and filed his application in writing, setting forth the fact that said road had not been used for twenty years without objection or interruption, and asking that said order be set aside, and that he be allowed to defend, and such request was granted, and such proceedings were thereupon had before said board that said former order was in part vacated, set aside, and so changed and modified that such part thereof as affects the said farm of said James A. Cravens was made to read thus: "Thence in a southwesterly direction through the lands of James A. Cravens about sixty rods to the mouth of the lane, be entered of record, and as to that portion of said road commencing at the mouth of

the lane north of the house of said Cravens, thence
running in a southwesterly direction through the lane
of James A. Cravens to the base line, the said Cravens
reserves the right to change, erect, and maintain gates
across said road, but agrees to keep said road in good
repair; the citizens are to have the right to work said
road as if it was a public road, and the right to enter
upon adjoining lands of James A. Cravens, and take
timber and stones to keep up said road, and the court
orders the order heretofore made to be so amended."
That said former order was so set aside and amended
with the consent of said Hardin. That said first order
was in fact never acted upon or enforced, and said road
was never in fact established and opened under said
order. That the gates across said road where it runs
through said Cravens' farm were in fact never taken
down under said order, but remained and continued
to be, ever since said first order, used and traveled,
with said gates across the same. That ever since
making said first order, said part of said road passing
through said Cravens' farm has been used, so far as
the gates are concerned, just as it had been before the
making of said orders, and has been several times
changed from place to place on said farm and has never
been used without gates; and it has been so changed
that there now remains only about 225 yards of the
same where said first order laid it out and established
it, and only one gate remains across said part of said
road, and this is at a point where one of said changes
begins, to-wit: On the line between the lands of Vir-
ginia Davis and appellee. The remainder of said
road passing through said farm has been completely
changed and abandoned. That in the year of 1893
said James A. Cravens departed this life, but prior to
his death he conveyed a part of said farm to his son,
the plaintiff herein, and a part to his daughter, Vir-

ginia E. Davis. That on and near the line between the lands so deeded to said plaintiff and Virginia E. Davis, at the point where said road crosses the same, said deceased had kept and maintained a gate across said road, and this plaintiff continued and still continues to keep and maintain said gate, the same being on the part of said farm conveyed to plaintiff. And said deceased kept and maintained other gates across said part of said road; and this plaintiff still continues to maintain and keep another gate across said road in its course on through his part of said farm, but at a point where said road has been completely changed from where it was established by said first order. That after the conveyance by said James A. Cravens to his said daughter, and after his death, said daughter changed that part of the road passing over her part of said farm, and took down all gates on her part, and threw the same open to the free use of the public. That since 1871 the town of Hardinsburg, an incorporated town of said county, extended and enlarged its corporate limits, and undertook to take in and include within its corporate limits the part of said farm over which said road passes, and across which gates are kept and maintained by plaintiff, and it is now claimed by said town that the part of said road passing through plaintiff's part of said farm, across which road gates are kept and maintained as aforesaid, is within the corporate limits of said town, and was so at the time of making the order hereinafter mentioned. No part of said road inclosed within said gates has ever been worked by the public or by the officers of said county or town either before or since the making of said orders by the board of commissioners. That on the —— day of February, 1896, Amos Davis and others filed with, and before the town board of trustees of said town of Hardinsburg a peti-

tion and application to said board for an order to remove and tear down said gates across said part of said road passing through plaintiff's said farm, and such proceedings were had upon said application by said town board, that an order was by said board passed, made, and entered of record, ordering the marshal of said town to serve notice on plaintiff to remove said gates within ten days, which was served on plaintiff on May 26, 1896. That said board of trustees of said town threaten, and are about to and will, unless restrained and enjoined, tear down and remove said gates across said road, and thereby expose plaintiff's farm and the crops thereon to the danger and damage of stock of all kinds without, and to the loss of plaintiff's stock within, and otherwise hinder and prevent plaintiff in the free use and enjoyment of his said land, and plaintiff's injury and damage occasioned thereby will be such as cannot be adequately compensated in damages. Prayer for a temporary restraining order until the final hearing, and then that the defendants be perpetually enjoined from doing the alleged threatened acts. The demurrer admits that the first order of the board of commissioners was made and entered without notice to the owner of the real estate to be affected. It is now well settled that in a proceeding under section 6762, Burns' R. S. 1894 (5035, R. S. 1881), empowering the board of commissioners to cause "to be ascertained, described, and entered of record" public highways which have been used as such for twenty years or more, and those which have been laid out but not sufficiently described, and such as have been used for twenty years, but not recorded, the owner of real estate to be affected must be notified thereof or the acts of the board of commissioners in that behalf will be void. *Vandever* v. *Garshwiler*, 63 Ind. 185; *Yelton* v. *Ad-*

*dison,* 101 Ind. 58; *Washington Ice Co.* v. *Lay,* 103 Ind. 48; *Orton* v. *Tilden,* 110 Ind. 131.

It is conceded that the order of the town board of the town of Hardinsburg, appellant, must depend and rest for its validity upon the action of the board of commissioners of the county, as it is not claimed the road or highway in question has been opened as a street since the annexation of the territory. Such is the law. *Tucker* v. *Conrad,* 103 Ind. 349, 355; *Insurance Co.* v. *Patterson,* 103 Ind. 582.

The statute above cited has been in force ever since the same was first enacted March 5, 1867. The counsel on both sides are substantially agreed that the second order of the board of commissioners was void. That is also correct as a legal proposition. The right and power to set aside or modify a final order or judgment by a court of limited and special jurisdiction, such as the board of county commissioners is, does not exist. When a proceeding is finally ended before the board of commissioners, they cannot take it up again and make further orders or modify those they have already made. *Doctor* v. *Hartman,* 74 Ind. 221; *Kyle* v. *Board, etc.,* 94 Ind. 115, 118; *Board, etc.,* v. *State, ex rel,* 61 Ind. 75; *Board, etc.,* v. *Logansport, etc., Gravel Road Co.,* 88 Ind. 199.

But it is contended a different rule of construction of the statute cited prevailed in this court from the time *Weston* v. *Lumley,* 33 Ind. 486, was decided until after the first order in controversy here had been made and entered, and that the subsequent change of decision of this court as to the necessity of notice in such cases can not have the effect to invalidate said order. *State* v. *Schultz,* 57 Ind. 19; *Gibbons* v. *Copper,* 67 Ind. 81, and *Higham* v. *Warner,* 69 Ind. 549, are all cited as establishing the contrary rule, that no notice is necessary in such cases. It can

hardly be said that these cases directly decide that no notice in such cases is necessary to the validity of such an order, though it may be they indirectly so hold. But if they did directly so hold, and that that construction of the statute in question by this court prevailed at the time the first order of the board of commissioners here involved was made, yet that would not be enough to uphold the validity of the order without notice. Counsel for appellants cite in support of this contention, *Haskett* v. *Maxey*, 134 Ind. 182, and *Stephenson* v. *Boody*, 139 Ind. 60. In the former case it was said: "Courts of last resort are often constrained to change their rulings on questions of the highest importance. When this is done, the general rule is that the law is not changed, but that the court was mistaken in its former decision, and that the law is, and always has been, as expounded in the last decision. But to this general rule there is a well established and well understood exception. This exception is that, 'After a statute has been settled by judicial construction, the construction becomes, so far as contract rights acquired under it are concerned, as much a part of the statute as the text itself, and a change of decision is to all intents and purposes the same in its effect on contracts as an amendment of the law by means of a legislative enactment.'" Citing in support thereof, *Douglass* v. *County of Pike*, 101 U. S. 677; *Anderson* v. *Santa Anna*, 116 U. S. 361; *Insurance Co.* v. *Debolt*, 16 How. 415; *Gelpcke* v. *City of Dubuque*, 1 Wall. 175; *Havemeyer* v. *Iowa Co.*, 3 Wall. 294; *Olcott* v. *Supervisor*, 16 Wall. 578; *Taylor* v. *City of Ypsilanti*, 105 U. S. 72.

To the same effect is the other case cited by appellants from the decision of this court, namely, *Stephenson* v. *Boody, supra.* The facts set forth in the complaint do not show any contract relations entered into

by the parties on the faith of the alleged construction of the statute requiring no notice in order to make such order valid. Nor does it appear that any one changed his position to his detriment, or parted with value on the faith of such construction. Hence, the general rule must apply that the law is not changed by the alleged change of decision, but that the court was mistaken in its former decision and that the law is, and always has been, as expounded in the last decision. Injunction is the proper remedy in this case, as the town is proposing to appropriate appellee's land for a street wrongfully under color of right, without assessment and tender of compensation to the owner. *City of New Albany* v. *White,* 100 Ind. 206; *Sidener* v. *Norristown, etc., Turnp. Co.,* 23 Ind. 623.

Therefore, the circuit court did not err in overruling the demurrer to the complaint.

Judgment affirmed.