, Brown *v.* McCord et al.

---

BROWN *v.* McCORD, *et al.*

HIGHWAYS—PRACTICE.—A petition for the location of a highway need not affirmatively show that the petitioners are freeholders, or that six of them reside in the immediate neighborhood of the contemplated highway, and such facts may be proved on the hearing of the petition, although not alleged therein.

But when such an application is taken by appeal to the Circuit Court, it will stand for trial there on its merits, as if originally instituted in that Court, and proof there as to what had been proved before the Commissioners, will not be competent, and the transcript of the proceedings before the Commissioners need not contain the proofs adduced before them.

APPEAL from the *Warren* Circuit Court.

DAVISON, J.—*Samuel McCord* and others, to the number of 30, at the *September* term, 1861, filed their petition before the Board of Commissioners of *Warren* county, for the location of a public highway in *Liberty* township, in that county. The petition describes the proposed highway, names the owners of the land through which it will run, and prays the appointment of viewers, &c., but fails to allege that 12 of the petitioners are freeholders, or that six of them reside in the immediate neighborhood of the highway proposed to be located.

The Board, in accordance with the prayer, appointed three viewers, who at the *November* term, 1861, reported that they had viewed, laid out, and marked the proposed highway, and that the same when opened, would be of great public utility. At the last named term, *Isaac Brown* remonstrated against the opening of said highway, alleging in his remonstrance, that the highway laid out, &c., if opened, will do him great injury, as the same runs through his improved land, &c., and when opened, it will not be of public utility. And thereupon the Board ordered the remonstrance to be filed, ap-

pointed three reviewers who, at the *January* term, 1862, reported *inter alia,* that the contemplated highway, if established, will be of public utility, and that *Brown,* by reason of its passage through his land, will sustain damage to the amount of 100 dollars. Upon the filing of this report, the Board ordered that a county order be issued to *Isaac Brown* for the damages assessed, &c., and that the proposed highway be opened, &c.

From this decision *Brown* appealed. In the Circuit Court, to which the appeal was taken, he moved to dismiss the cause on the grounds that the petition did not allege that the petitioners, or at least twelve of them, were freeholders, that six of them, being freeholders, did reside in the immediate neighborhood of the highway, which it was proposed to locate; nor does the transcript of the proceedings show that in proof of these facts, there was any evidence offered before the Commissioners.

Pending this motion, the Court, upon the motion of the plaintiffs, allowed them to prove by parol evidence, that before the Commissioners it was proved that the petitioners were freeholders, and that 6 of them were residents of the immediate neighborhood of the contemplated highway. And then the Court overruled the motion to dismiss, and the defendant excepted. Upon final hearing, the Court adjudged that the highway be opened, &c., and kept in repair; that this order be certified, &c., and that the damages and cost therein be paid out of the county treasury, &c.

Was the motion to dismiss correctly overruled? This is the only question in the case.

The statute says, "whenever twelve freeholders of the county, six of whom shall reside in the immediate neighborhood of the highway proposed to be located, &c., shall petition the Board of Commissioners for the location, &c., of any highway, such Board, if they shall be satisfied that no-

tice of such application has been given, &c., shall appoint three persons to view such highway." 1 R. S., p. 310, sec. 15; Acts 1859, p. 113, sec. 1.

The statute, as we have seen, does not definitely point out what the petition must contain. It should, however, be subscribed by at least twelve persons, should describe the proposed highway, and should name the owners, &c., of the lands through which it may pass; *id.* p. 307, sec. 1. But an allegation that the petitioners were freeholders, or that 6 of them resided in the immediate neighborhood of the contemplated highway, is not, in our opinion, essential to the validity of the petition; these facts may be proved on the hearing of the petition, though they are not alleged in the pleading. When, however, the cause was in the Circuit Court on appeal, it was there as a case originally instituted in that Court, to be tried on its merits, and hence an inquiry as to what was proved before the Commissioners was not legitimate, nor was it at all essential that the transcript of their proceedings should contain any of the proofs adduced before them. The motion to dismiss was not well taken.

*Per Curiam.*—The judgment is affirmed, with costs.

*James H. Brown* and *James Park*, for the appellant.

*Gregory & Harper*, for the appellees.