## KELLOGG *v.* PRICE ET AL.

DRAINING ASSOCIATION.—*Appraisers.—Appeal.—Practice. —Demurrer.*— An order of the board of county commissioners appointing three appraisers to view a proposed ditch and assess benefits and damages, need not show affirmatively that the persons so appointed are " disinterested freeholders of the county in which the application ˙is made and not of kin to any of the parties." The question as to their having such qualifications may arise on the trial on appeal, but cannot be raised by demurrer.

SAME.—*Practice.—Appeal.—Pleading.—Jury.*—Upon an appeal there should be no demurrers to the transcript, no answers, and no replies.  Nor, of necessity, should there be a re-appraisement, though the court would, perhaps, when necessary, have power to appoint new appraisers or re-appoint the old, and generally to examine the sufficiency and regularity of the steps taken. If they have been sufficient and regular, the proceedings should be affirmed, if not, reversed and corrected, and in a proper case a jury may be had on demand of either party.

APPEAL from the Howard Common Pleas.

DOWNEY, J.—This was a proceeding under the draining law of March 11th, 1867, 3 Ind. Stat. 228, commenced by the filing of a petition by the appellant before the board of commissioners of Howard county. So far as we have been able to discover, the petition contains all the requisites of the statute on the subject. The board of commissioners appointed three appraisers "to view the proposed ditch and assess the benefits and damages according to law ;" but the order of the the board does not show affirmatively that the persons so appointed were " disinterested freeholders of the county in which the application is made, and not of kin to any of the parties," as the statute requires them to be. A notice was published to the land-owners as required by section three of the act, which, with the proof of its publication, is in the transcript.

The appraisers made and filed their appraisement of the benefits, stating that no land was damaged by the construction of the drain. Thereupon, the appellees appealed to the common pleas, by filing bond with the clerk of the common pleas, as authorized by the eleventh section of said act.

In the common pleas, the appellees filed an answer con-

sisting of three paragraphs, to which there was a demurrer, which was sustained as to the third paragraph and overruled as to the first and second. To the first and second paragraphs the appellant replied by general denial.

It having been stated in the appeal bond that John Rich had succeeded to the rights of Kellogg in the assessment, the appeal seems to have been docketed in the common pleas in his name, instead of that of Kellogg. This mistake was, on his motion, with the consent of Kellogg, corrected by order of the court.

Whereupon the appellees demurred to the cause of action, consisting, as the record says, of the application and record proceedings therein, and for ground of demurrer say, that they do not state facts sufficient to constitute a cause of action, nor do they state facts sufficient to give the plaintiff any right or remedy in this proceeding whatever. The common pleas sustained this demurrer and rendered judgment for the appellees. The appellant excepted, appealed, and has assigned the ruling as error in this court.

The appellees have not filed any brief in this court, and we are therefore in the dark so far as their views are concerned. The section of the act allowing an appeal is as follows : "Any person aggrieved by the proceedings of said appraisers may appeal the same to the court of common pleas of the county, upon giving bond and within the time, as in cases of appeal from justices of the peace, except that said bond shall be filed with the clerk of said court." The bond must be given as in cases of appeal from justices of the peace, and it must be given within the time specified in such cases. The bond, instead of being filed in the court from which the appeal is taken, must in this case be filed in the common pleas, the court to which the appeal is taken. Here the statute stops. How the case is to be conducted and disposed of in the common pleas is not provided. We cannot think, however, that it was intended that there should be demurrers to the transcript, or answers or replies in the common pleas, nor that it was intended that there should,

of necessity or as a matter of course, be a re-assessment of the benefits and damages, though perhaps the common pleas would, when necessary, have the power to appoint new appraisers or re-appoint the former ones to make a re-appraisement in whole or in part of the lands benefited or damaged. We suppose that the common pleas should on such appeal examine and determine whether the steps required by the statute had been regularly taken, by filing the proper petition, appointing qualified appraisers, giving the required notice, and making and reporting the assessment, etc. If such steps have all been regularly taken, and no question is made as to the amount of the assessment, the proceeding should be affirmed. If not thus regular, it should be reversed and disposed of as the circumstances may require. If the amount of the damages is questioned, other appraisers may be appointed, or a jury trial may be had on the demand of either or both of the parties.

We are informed by counsel for the appellant, that the demurrer was sustained on the ground that the order of the board of commissioners did not affirmatively show that the appraisers possessed the qualifications required by the statute. We think if this was the ground, that the ruling was not correct. They may have possessed all the requirements enumerated in the statute. Whether they did or not was a question for the court on the trial of the cause, and did not, we think, properly arise on demurrer to the transcript. This proceeding is somewhat similar to the statutory proceeding to lay out and change highways, and some light may be derived from the cases which have been decided under that statute. On this subject, see *Daggy* v. *Coats*, 19 Ind. 259; *Brown* v. *McCord*, 20 Ind. 270. In the last named case it was held that a petition for the location of a highway need not affirmatively show that the petitioners were freeholders, or that six of them resided in the immediate neighborhood of the contemplated highway; and that such facts might be proved

on the hearing, although not alleged. We think the judg-
ment of the common pleas ought to be reversed.

The judgment is reversed, with costs, and the cause
remanded, with instructions to overrule and set aside the
demurrer, strike out the answer and reply, and proceed
according to this opinion.

*N. P. Richmond*, and *C. E. Hendry*, for appellant.