Filed Sept. 16, 1885.

———————◆———————

No. 11,381.

THE WASHINGTON ICE COMPANY ET AL. *v.* LAY ET AL.

PRACTICE.—*Motion to Dismiss Appeal from County Commissioners.*—*Bill of Exceptions.*—A motion in the circuit court to dismiss an appeal from the board of county commissioners must be made part of the record by bill of exceptions or order of court.

HIGHWAY.—*Petition to Enter of Record.*—*Notice.*—*Practice.*—*County Commissioners.*—A question as to notice of the pendency of a petition to have a highway described, and entered of record, must be made at the first opportunity before the board of commissioners.

SAME.—*Appearance.*—*Waiver of Defect in Notice.*—An appearance before the

board of commissioners, without objecting to the notice, is a waiver of any defect therein, and objection can not afterwards be made on appeal.

SAME.—*Petition.—Jurisdictional Fact.*—The highway law does not require that the qualifications of the petitioners for the recording of a highway shall appear upon the face of the petition. Whether or not it is signed by qualified persons, is a question for the decision of the county board before taking further action upon it.

SAME.—*Objection to Qualification of Petitioners.—Waiver.*—Objections to the qualifications of the petitioners should be made at the first opportunity before the county board, and if not so made they will be deemed as waived.

SAME.—*Appearance to Defective Petition.—Practice.*—The judgment will not be reversed because the petition does not give the names of the persons over whose land the highway passes, when it appears that all such persons, without objecting, voluntarily appeared to such petition.

SAME.—*Evidence.*—The petition is a paper in the case, and need not be introduced in evidence.

SAME.—*Order Entering of Record.*—In ordering the highway entered of record, the county board and the circuit court, on appeal, are confined to the road as described in the petition.

SAME.—*Immaterial Variance.*—An immaterial variance between the petition and the evidence, as to the beginning of the highway, will not overthrow the proceeding.

SAME.—*Estoppel.*—The refusal of the county commissioners to order a highway opened and established upon the line of an existing highway does not estop the board or others from having the existing highway entered of record.

SAME.—*User.—Public Utility.*—When a way has become a public highway by user, it is such regardless of any question of public utility.

From the Laporte Circuit Court.

*M. Nye* and *D. Turpie,* for appellants.

*L. A. Cole,* for appellees.

ZOLLARS, J.—Appellee instituted this proceeding before the board of county commissioners, under section 5035, R. S. 1881, to have an alleged highway ascertained, described and entered of record, on the ground that it had been used as such for twenty years. From a decision of the board against them, they appealed to the circuit court. In that court the appellants here moved to dismiss the appeal. The overruling of

that motion is assigned as error. The clerk below has inserted in the transcript what purports to be a copy of the motion, but it was not made a part of the record by order of the court, nor is it contained in any bill of exceptions. We can not disregard the contention of appellees, that the motion is not a part of the record, and hence is not before us for any purpose. *Crumley* v. *Hickman*, 92 Ind. 388, and cases there cited. Without the motion, we have no way of knowing upon what it was based, and hence have nothing upon which to base a decision that the ruling upon it was right or wrong. The assignment predicated upon that ruling, therefore, presents no question for decision here.

The second assigned error is, that the court below erred in overruling appellants' motion to dismiss the petition and the proceedings under it. Under this assignment, the argument is that the petition, and all proceedings under it, should be dismissed, because of defects in the petition, and because there was no notice given of the pendency of the petition and proceeding.

Upon the question of notice, it is sufficient to say that the record before us requires no decision as to its necessity. We, therefore, leave that question where it is left by former decisions. Appellants, who seem to own all of the land over which the alleged highway passes, appeared in the commissioners' court, and, without making any question as to notice, made a full appearance by filing what is denominated an answer. At the first term of the circuit court after the appeal, the parties all appeared by counsel, and the cause was continued without any question as to notice. At a subsequent term, appellants moved to dismiss the appeal, and also to dismiss the proceedings. The clerk below has inserted in the transcript copies of these motions. As they were not made a part of the record by order of the court, and are not contained in any bill of exceptions, they are not properly in the record, so far, at least, as they relate to, or are based upon, the want of notice. There are, therefore, two conclusive rea-

sons why this court can not, upon the question of notice, over-throw or interfere with the final judgment below.

In the first place, the motions to dismiss not being properly before us, there is nothing upon which to predicate a decision that notice was not given or that appellants at any time made any question as to notice.

In the second place, appellants should have made the question as to the notice at their first opportunity before the board of commissioners. Having appeared and having made no ob-jections there, as to notice, they waived whatever objections might have been made. Having thus waived the objections, they were not in a condition to make them upon appeal. This is the rule in other highway and analogous cases, and the rea-sonable rule to be applied here. We cite some of the cases: *Milhollin* v. *Thomas,* 7 Ind. 165; *Smith* v. *Alexander,* 24 Ind. 454; *Fisher* v. *Hobbs,* 42 Ind. 276; *Green* v. *Elliott,* 86 Ind. 53, and cases there cited; *Vandever* v. *Garshwiler,* 63 Ind. 185; *Peed* v. *Brenneman,* 89 Ind. 252; *Lowe* v. *Ryan,* 94 Ind. 450; *Bradley* v. *City of Frankfort,* 99 Ind. 417.

Under the assignment, based upon the motion to dismiss the proceedings, and the fourth assigned error, that the peti-tion does not contain a sufficient statement of facts to con-stitute a cause of action against appellants, it is argued that the petition is defective, because it does not contain the names of the persons over whose land the alleged highway passes, and because it does not purport to be signed by any free-holder or citizen of Laporte county.

Assuming that the petition should be signed by freeholders, as in an ordinary highway case, appellants' counsel argue that it is insufficient because it does not purport to be so signed. But if the correctness of the assumption should be granted, about which we decide nothing in this case, counsel's con-clusion would not follow. The general highway law provides that the petition shall be signed by freeholders, but it does not require that this shall appear upon the face of the peti-tion. The petition need not, in any case, "purport to be

signed by freeholders." *Brown* v. *McCord,* 20 Ind. 270.
Whether or not the petition is so signed, is a question for the
decision of the county board before taking further action
upon it.   Objections to the qualifications of the petitioners
should be made at the first opportunity before the county
board.   If not made then and there, they will be deemed as
waived.   *Little* v. *Thompson,* 24 Ind. 146 ; *Fisher* v. *Hobbs,*
42 Ind. 276 ; *Wilson* v. *Whitsel,* 24 Ind. 306 ; *Sowle* v. *Cosner,*
56 Ind. 276 ; *Turley* v. *Oldham,* 68 Ind. 114.

It is further contended under these assignments of error,
that the petition is fatally defective because it does not give
the names of the persons over whose land the highway passes.
This contention is based, in the main, upon the case of *Van-
dever* v. *Garshwiler, supra.*   It was said in this case, that
when the moving parties are other than the county board, the
petition should give the names of the owners of the land
over which the road is claimed to run, so that the court can
cause proper notice to be given to them of the pendency of
the petition.   In the case before us, however, the reason has
no application.   Here, it appears by appellants' motion to
dismiss, and otherwise, that they were the owners of all the
land over which the highway passes, and that without any
objections in the commissioners' court, they made a volun-
tary appearance to the petition and proceeding.   So far,
therefore, as concerns notice to land-owners, no beneficial
end could have been accomplished by inserting their names
in the petition.   Nor would the ends of justice be subserved
by reversing the judgment on account of this alleged defect
in the petition.   Without deciding more, as to the requisites
of the petition in this regard, it is sufficient to say that upon
the record before us the judgment should not be reversed on
account of the alleged defect in the petition.

It is contended that the motion for a new trial should have
been sustained, first, because the petition was not intro-
duced in evidence ; second, because there was no proof that
the petitioners were freeholders ; and, third, because the proof

as to the line and location of the highway did not agree with the description as given in the petition. The petition was a paper in the case, as the complaint in an ordinary case, and there was no necessity of introducing it in evidence. *Daggy* v. *Coats*, 19 Ind. 259. Not having made the question before the county board, there was no question before the court on appeal as to the qualification of the petitioners. In ordering the highway entered of record, the county board and the circuit court were confined, of course, to the highway as described in the petition.

The verdict and final order have reference to this highway. Unless the proof showed that this had become a public highway by twenty years' use, the case failed, and a new trial should have been granted. The petition describes the beginning of the highway, as commencing at the north end of the road running through Wilson's second addition of outlots to the city of Laporte, being $275\frac{75}{100}$ feet east of the southwest corner of west fractional part of section thirty-four, etc. The evidence shows that the highway does begin at the north end of the road, running through Wilson's said addition, but that this road, at that point, is $285\frac{1}{10}$ feet east of the said corner, as measured by the witness. The north end of the road through Wilson's addition seems to be well known, and is the visible monument by which the beginning of the alleged highway should be determined, rather than the measurement from the corner of the section of land.

It is easy to be mistaken in the measurement, but it is not likely that there would be any mistake about the Wilson road. The petition and the evidence agree that there was a highway commencing at the north end of the Wilson road; they only disagree as to the distance of the north end of that road from the named corner of land. This is not such a variance as ought to overthrow the proceeding. *Gray* v. *Stiver*, 24 Ind. 174; *Simonton* v. *Thompson*, 55 Ind. 87; *Hedge* v. *Sims*, 29 Ind. 574.

In the circuit court, appellants filed what purports to be,

and what they style, an answer in bar of the proceeding, in substance, that at a previous term of the county board appellees had petitioned for the location and opening of a highway, upon the line of the highway that they here seek to have entered of record, and that upon that petition, and a report of viewers, the board adjudged that the proposed highway would not be of public utility, and should not be opened, and that the judgment remained in full force.

If this answer is sufficient to bar this proceeding, it was error to sustain the demurrer to it. If it does not constitute such a bar, it was not error to sustain the demurrer to it, whatever weight the facts set up might be entitled to for any purpose other than as a bar to the proceeding.

That the county board may have refused to open a new highway upon the line of that here sought to have entered of record as an existing highway, surely can not bar this proceeding; the proceedings are entirely dissimilar. One goes upon the theory that there is no highway, and that one should be opened; the other goes upon the theory that there is an existing highway, and that no action by the county board, nor any other authority, is necessary to establish it. In the latter proceeding, the county board is not asked to locate and open a new highway, but simply to ascertain, describe and enter of record one already existing and open for travel. The board might well refuse to order a highway to be established and opened upon the line of an existing highway, without debarring itself or others of the right to have the existing highway entered of record. Refusing to order a highway located upon the line of an existing highway will not vacate the existing highway.

It is contended in argument, that appellees might have joined in their petition for the location and opening of the highway an application such as that made in this case, and that as they did not do so they are estopped to institute and maintain this proceeding. It would seem to be an inconsistent proceeding to join in the same petition an application

to have a highway entered of record as an existing highway, and also an application to have a new highway opened upon the same line. The contention can not be maintained.

One question remains. It is contended that the question of public utility is a material question here, and that that question was adjudicated in the former proceeding. When a highway has been established and opened by the county board, there is no longer involved any question of public utility; so, when a way has become a public highway by user, it is such regardless of any question of public utility, and it will remain such until it shall be vacated in a proper proceeding or by non-user, and that, too, whether entered of record or not. The order for entering of record is not the establishment of a highway, but an adjudication of the fact that there is already such a highway. If, indeed, there is no such a highway, the order may have the effect of establishing one; but this is not the purpose or theory of the order or proceeding. It must follow that the question of public utility in a proceeding like this can not in any way constitute a bar to the proceeding. There was no error, therefore, in sustaining the demurrer to the answer.

As we find no available error in the record, the judgment is affirmed, with costs.

Filed Sept. 17, 1885.