No. 12,579.

## HUFF v. THE CITY OF LAFAYETTE.

CITY.—*Annexation of Unplatted Lands.*—*Petition of Council to County Commissioners.*—*Sufficiency when Signed by Mayor Only.*—*Collateral Attack.*—Where the petition to the board of county commissioners for the annexation of unplatted land to a city, upon its face, appears to be the petition of the mayor and common council, but is signed by the mayor only, it is sufficient under section 3196, R. S. 1881, at least as against a collateral attack, after the board has acted upon it as the petition of the council.

SAME.—*Contiguity.*—*Consent of Land-Owner.*—*Presumption.*—Where it is proposed to annex several tracts of land, under section 3196, all need not be contiguous to the city, but it is sufficient if they are contiguous to each other and one is contiguous to the city; and in a collateral attack upon the annexation proceedings, it will be presumed that the lands annexed were contiguous and unplatted, and that the owners would not consent to the annexation, unless the contrary is shown.

SAME.—*Petition.*—It is not necessary that the petition for annexation should state that the land-owners will not consent to an annexation by the common council of the city.

SAME.—*Notice.*—Notice of the presentation of the petition to the county commissioners is not insufficient because signed by the mayor only, and because it does not contain the name of one of the land-owners and particularly describe his land.

SAME.—Where there is notice in the manner provided by the statute, it is sufficient as against a collateral attack.

PLEADING.—*Exhibit.*—An exhibit which is not the foundation of a pleading can not be looked to in aid thereof.

PRACTICE.—*Remedies.*—*Appeal.*—*Collateral Attack.*—Informalities and irregularities must be corrected by appeal. They can not be taken advantage of in a collateral attack.

From the Tippecanoe Circuit Court.

*S. A. Huff*, for appellant.

*W. C. L. Taylor*, for appellee.

ZOLLARS, J.—Appellant instituted this action against the city of Lafayette to recover taxes paid to it, and to enjoin the collection of taxes which it was threatening to collect.

A demurrer was sustained below to each of the two paragraphs of the complaint. We limit our examination to the second paragraph, as it is conceded, in argument, that a de-

cision as to its sufficiency will dispose of all material questions presented by this appeal.

To generalize somewhat, it appears from the averments of this paragraph, that appellant's lands, specifically described, are farm lands, and can be used for no other purpose; that the city, since 1875, has claimed the right to tax them for city purposes, and has based and still bases that claim upon the further claim that those lands were annexed to the city by the board of commissioners of Tippecanoe county, in 1868. Appellant assails the proceedings of the county board which led to the order of annexation, and avers that those proceedings and the final order of annexation are void for want of jurisdiction.

It is averred, in substance, that the board did not have jurisdiction either of the subject-matter, or of the person, so far as he is concerned. Amongst other contentions, it is insisted in the first place, that the petition upon which the county board acted was not sufficient to give that body jurisdiction.

Three objections to the petition are urged. The first is, that it was a petition by the mayor of the city, and not by the common council, as required by section 3196, R. S. 1881. The petition to the county board, and the subsequent proceedings upon which they based the final order of annexation, are copied into the complaint, and thus made a part of it. The petition is signed "John Pettit, Mayor." Upon its face, however, it appears to be a petition by the mayor and common council. The petition starts thus: "To the board of commissioners of Tippecanoe county, Indiana: The mayor and common council of the city of Lafayette would respectfully petition," etc. In another portion of the petition is this: "And the council would respectfully urge the annexation," etc.

The statute, section 3196, R. S. 1881, which is substantially, if not in all respects, the same as the law in force when the proceeding was had before the county board, provides,

that if the city desires the annexation of unplatted lands, the common council shall present a petition to the county board asking for such annexation. The petition must be presented by the common council, and not by the common councilmen individually. And while it was held in the case of *Stilz* v. *City of Indianapolis,* 55 Ind. 515, that the petition signed by the councilmen was sufficient in the case before the court, it was not held, and has not been held in any case by this court, that the signatures of the councilmen to the petition are necessary. In that case, it will be observed, that the petition was authorized by the common council, acting as a common council, and doubtless, if it had not been so authorized, it would have had no validity whatever. Upon an analogous question, see *City of Indianapolis* v. *Bly,* 39 Ind. 373. The petition must be by the common council—must be an act of the common council when in session, representing the city. The statute does not provide by whom it shall be signed, or that it shall be signed by any one. We know of no reason why the petition, with authority from the common council, may not be signed, and presented to the county board, by the mayor of the city. There is nothing in the complaint in any way charging that the common council, acting as a common council, did not order the petition drawn just as it was, and to be signed by the mayor as it was.

It is shown that through the entire proceeding to the end, the county board treated the petition as the petition of the common council. In this collateral attack upon the proceedings of the board, and under the averments in the complaint, it must be presumed that the petition was the petition of the common council, and that before proceeding upon it, the board ascertained and determined that fact. That was a fact to be determined by the board before proceeding.

The second and third alleged fatal defects in the petition are, that it was not alleged therein that appellant's lands were adjoining the city, and were not laid off and platted; and,

further, that it was not alleged therein that appellant would not consent to the annexation of his lands.

The statute, section 3196, *supra*, provides that any land, contiguous to the city, may be annexed by the consent of the owner and by a two-thirds vote of the common council. It further provides that contiguous unplatted territory, to the annexation of which the owner will not consent, may be annexed by the county board upon the petition of the common council, etc.

It was not necessary that appellant's lands should have been contiguous to the city. If his, and the other tracts of land proposed to be annexed, were contiguous to each other, and one of them was contiguous to the city, that was sufficient. *Catterlin* v. *City of Frankfort*, 87 Ind. 45.

The petition clearly shows that some of the lands proposed to be annexed were contiguous to the city. It is also shown that a plat of the lands proposed to be annexed was filed with, and as a part of, the petition. That plat is not set out in the complaint, nor is there any allegation that it did not show the exact location and description of the lands proposed to be annexed, including appellant's lands.

For aught that is made to appear, that plat may show that appellant's lands were unplatted lands, and contiguous to the city. In a collateral assault upon the proceedings, it should be presumed that it did, and that it showed that those lands were contiguous to other lands which were contiguous to the city.

If, as contended, in order that the county board might annex the lands, it should have been made to appear that the owners would not consent to their annexation by the common council, it should be presumed in this collateral attack upon the proceedings, that the board made proper investigation, and correctly determined that the land-owners would not so consent. If that inquiry is material in such a proceeding, it

must be made by the board regardless of any statement that may be contained in the petition upon the subject.

The complaint here, supported by the petition incorporated therein, shows that the petition asked for the annexation of tracts of land other than those owned by appellant. It is not averred that any of the other land-owners would consent to the annexation of their lands, and hence it is not shown that their lands might have been annexed by the common council without resort to the county board; nor is it alleged that appellant had consented, or would consent, to the annexation of his lands by the common council. And if he alone had consented, that fact would not necessarily have ousted the jurisdiction of the board, conceding that the board can not proceed in such a case, except where the land-owners will not consent to the annexation of their lands. For aught that is made to appear here, appellant's lands may not have been contiguous to the city, but may have been surrounded by the other lands. In such a case, the common council could not annex his lands, although he might give his consent, because of their not being contiguous to the city. And, upon his theory, they could not be annexed by the county board, because he had not refused his consent to their then annexation by the common council. Such a theory would necessitate two separate proceedings, one by the county board to annex the other lands, and thus bring appellant's lands in contiguity with the city, and another and subsequent proceeding by the common council to annex his lands. And if subsequently to the annexation by the county board, appellant should change his mind, and withdraw his consent, a second proceeding by the county board would be necessitated in order to annex his un-platted lands. Appellant's theory, as applied to this case, we think, leads to unreasonable results, and is not supported by a proper construction of the statute. *Catterlin* v. *City of Frankfort, supra*. Nor do we think that it is essential that the petition should contain a statement that the land-owners have not consented to an annexation by the common council.

Such a statement is not one of the things which the statute in affirmative terms requires shall be stated in the petition.

An analogous case is that of a highway proceeding, where it is required that the petition shall be signed by twelve freeholders of the county, six of whom shall reside in the immediate vicinity of the proposed highway; and where it has been held, that the petition is not fatally defective because it does not contain a statement of the petitioners' qualifications. *Washington Ice Co.* v. *Lay*, 103 Ind. 48; *Brown* v. *McCord*, 20 Ind. 270; see, also, *Kellogg* v. *Price*, 42 Ind. 360 (362); *Swinney* v. *Fort Wayne, etc., R. R. Co.*, 59 Ind. 205; *Argo* v. *Barthand*, 80 Ind. 63.

The complaint states that a notice of the presentation of the petition to the county board was given, but that it was insufficient because signed by the mayor, as was the petition, and because it did not contain appellant's name, and did not particularly describe his lands.

As to the signature by the mayor, we need add nothing to what has been said in disposing of that question in connection with the petition, except to cite again the case of *Catterlin* v. *City of Frankfort, supra*, where the question is discussed and decided as we here decide it.

Upon the other objections to the notice, it may be said in passing, that an examination of the notice would have afforded appellant information of the fact that his lands were included in the territory proposed to be annexed to the city. But we are not called upon to decide as to whether or not the notice would have been sufficient had its sufficiency been questioned at the proper time before the county board. It is sufficient here, that there was a notice in the manner provided by the statute, and that its sufficiency is questioned for the first time in a collateral attack upon the proceedings. As against such an attack, the notice is sufficient. *City of Terre Haute* v. *Beach*, 96 Ind. 143, and cases there cited; *McMullen* v. *State*,

*ex rel.,* 105 Ind. 334, and cases there cited; *Pickering* v. *State, etc.,* 106 Ind. 228; *City of Logansport* v. *LaRose,* 99 Ind. 117, and cases there cited.

It is further averred and contended, that the final order of annexation made by the county board, an attested copy of which was filed with and recorded by the county recorder, is insufficient. That final order was not copied into the complaint as a part of it, nor are its contents stated therein, but a copy was filed with the complaint as an exhibit, as though it were a written instrument upon which the plead-ing is founded, as provided in the code. Section 362, R. S. 1881. The copy so filed is in no sense the copy of a written instrument within the meaning of the above section of the code, and hence did not become a part of the complaint by being filed as an exhibit, and can not be looked to in aid of, or as supplying averments in, the complaint. *City of Lo-gansport* v. *LaRose, supra.* The complaint is thus left with-out any averment showing any infirmity in the final order of the county board. We may say, however, that we have examined the final order, as contained in the exhibit, and considered carefully the argument of appellant's counsel in relation thereto, and find no such infirmity in the order as would justify a court, in this collateral attack, commenced thirteen years after the order was made, in overthrowing the annexation.

The proceedings, in many respects, are not as exact and formal as they ought to be, but they are not so informal and lacking in essentials as to be void upon the face of the record. Informalities and irregularities are to be corrected in a direct proceeding by appeal, and can not be taken advantage of in a collateral attack. To the cases above cited, we add the case of *Young* v. *Sellers,* 106 Ind. 101, and cases there cited.

After a patient examination of the several questions dis-cussed by counsel, we are constrained to hold that the court

below did not err in sustaining the demurrer to each paragraph of appellant's complaint.

Judgment affirmed, with costs.

Filed Oct. 15, 1886.