Hall *v.* McDonald—171 Ind. 9.

## HALL ET AL. *v.* McDONALD ET AL.

[No. 21,128. Filed October 7, 1908.]

1. HIGHWAYS.—*Appeal from Boards of Commissioners.—Trial and Judgment.*—The circuit court, on an appeal of a highway case from the board of commissioners, may render a judgment completely disposing of the case, or may remand the case to the board for further action. p. 11.

2. JUDGMENT.—*On Appeal from Boards of Commissioners.—Highways.*—A judgment of the circuit court, on an appeal of a highway case from the board of commissioners, disposing of the case by ordering the establishment of the highway, or remanding the case to the board for a final order, is final and therefore appealable. p. 11.

3. APPEAL.—*Parties.—Names.—Waiver.*—Appellees, by signing a highway petition with their surnames and the initials only of their Christian names, waive their right to assert, in the assignment of errors on appeal, that their names are different. p. 11.

4. PLEADING.—*Petition.—Highways.*—Under §7712 Burns 1908, Acts 1907, p. 137, providing that whenever a highway petition is signed by fifty or more freeholders and voters in any township having an incorporated town or city containing a population of less than 30,000 inhabitants, or if the township does not contain over 100 freehold voters, then a majority thereof, asking for

the draining, grading or improving of a certain highway, the board shall proceed to carry out the other provisions of the act, such petition need not allege the existence of such conditions, since they are matters of proof. p. 12.

5. PLEADING,—*Petition.*—*Highways.*—*Width.*—A petition for the improvement of three highways alleged "to be connected so as to form one complete system of improved roads," and asking "that they be improved to the width as now established," is sufficient, on demurrer, as against the objection that the width is not stated as required by §7713 Burns 1908, Acts 1905, pp. 521, 551, §64. p. 16.

6. SAME.—*Petition.*—*Highways.*—*Description.*—*Definiteness.*—A petition for the improvement of a highway alleged to run in a "northeasterly" or "southwesterly" direction is sufficient, where such highway is further described by fixed and visible monuments and where the highway itself shows its own location. p. 16.

7. APPEAL.—*Briefs.*—*Record.*—*Waiver.*—Appellants by failing to set out in their brief the questioned motions and rulings waive any question thereon. p. 17.

8. NEW TRIAL.—*Reasons.*—*"Finding and Judgment"* *Contrary to Law.*—The assignments, in a motion for a new trial, that the "finding and judgment" are contrary to law and that the "finding and judgment" are not supported by sufficient evidence, present no questions. p. 18.

From Porter Circuit Court; *W. C. McMahan,* Judge.

Highway petition by Henry R. McDonald and others, against which Billings Hall and another remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*W. H. Dowdell,* for appellants.

*Johnston & Bartholomew,* for appellees.

MONKS, J.—This proceeding was commenced by appellees before the Board of Commissioners of the County of Porter for the improvement of certain highways in Pine township in said county by taxation, under §7712 Burns 1908, Acts 1907, p. 137, and Acts 1905, pp. 521, 551-561, §§64-83, §§6790-6800, 6802-6804, 6806-6811 Burns 1905.

Appellants, remonstrators, appealed from the judgment of the board of commissioners in favor of appellees to the court below, where the cause was tried upon the issues made before the board, and the court rendered judgment thereon

and for costs in favor of appellees against appellants, and ordered that the case be "certified back to the board of commissioners, with instructions to proceed therewith as required by law." From this judgment appellants appealed to this court.

Appellees move to dismiss the appeal because: "(1) Said judgment of the court below is not final, but interlocutory, from which no appeal lies; (2) the assignment of errors does not contain the full names of all the appellees."

1. While §123 of the highway act (Acts 1905, pp. 521, 579, §7793 Burns 1908), which governed the appeal to the court below, authorizes a hearing *de novo* in that court, it also provides that such court "may make final determination of the cause so appealed, or may refer the case back to the county board or boards, with directions how to proceed." The court below made the order, referring the case back to the county board, under this section. *Sharp* v. *Malia* (1890), 124 Ind. 407; *Sunier* v. *Miller* (1886), 105 Ind. 393, 397; *Bonfoy* v. *Goar* (1895), 140 Ind. 292, 294, 295.

2. No motion was made to modify or change said judgment or order of the court in any way. Said judgment made a final disposition of all the questions involved in the appeal, and put an end to the proceedings in the court below. *Sharp* v. *Malia, supra; Sunier* v. *Miller, supra; Bonfoy* v. *Goar, supra.* Said judgment was therefore a final one, from which an appeal may be taken to this court. §§671, 1392 Burns 1908, §632 R. S. 1881, Acts 1907, p. 237, §1; Elliott, App. Proc., §§80-82, 84, 85. *Thomas* v. *Chicago, etc., R. Co.* (1894), 139 Ind. 462, 463, and cases cited.

3. Appellees insist, in support of the second ground of the motion to dismiss this appeal, "that the assignment of errors contains the names of twelve appellees who are described by their surnames and the initials of their Christian names only, which is in violation of the rule of this court, which requires that the assignment of errors

shall contain the full names of all the parties.'' Ewbank's Manual, §§13, 120. Appellees, whose full names, it is claimed, are not contained in the assignment of errors, are described therein by the names signed to the petition, being the names by which they appeared and became parties to this proceeding before the board of commissioners and in the court below. Appellees, after so signing said petition and appearing in said courts by said names, have no right to urge here, as a ground of dismissal, that they have any other or different names than as signed to the petition. and by which they were known as parties in the court below. *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 281. If said appellees were appellants, a different question would be presented. *Good* v. *Burk* (1906), 167 Ind. 462. Appellees' motion to dismiss this appeal is therefore overruled.

Appellants urge that the petition is insufficient, because ''it does not allege that the petition is signed by fifty or more freeholders and voters of Pine township, and whether the township includes an incorporated town or city having a population of less than thirty thousand inhabitants; nor does it allege that the petitioners constitute a majority of the freehold voters in the township, and that there are less than one hundred freehold voters therein, as required, if governed by the proviso contained in §7712,'' *supra,* under which this proceeding was brought.

There is nothing in §7712, *supra,* or in the act of 1905, *supra,* which requires that any such allegations be contained in the petition. The only provision in regard to what shall be stated in the petition is contained in §7713 Burns 1908, Acts 1905, pp. 521, 551, §64, and that has reference alone to a description of the highways to be improved.

In proceedings to establish or vacate highways in this State, the statutes have uniformly required that the petition should be signed by ''twelve freeholders of the county, six of whom shall reside in the immediate neighborhood of

the highway proposed to be located,'' and it has been held that it was not necessary to the sufficiency of the petition that said facts be alleged therein. *Brown* v. *McCord* (1863), 20 Ind. 270; *Kellogg* v. *Price* (1873), 42 Ind. 360, 362, 363; *Washington Ice Co.* v. *Lay* (1885), 103 Ind. 48, 51, 52, and cases cited; *Huff* v. *City of LaFayette* (1886), 108 Ind. 14, 19, and cases cited; *Humboldt County* v. *Dinsmore* (1888), 75 Cal. 604, 606, 17 Pac. 710.

In *Brown* v. *McCord, supra,* a proceeding for the location of a public highway, objection was made in the circuit court to the petition, because it did not allege that the petitioners, or at least twelve of them, were freeholders of the county, and that six of such freeholders resided in the immediate neighborhood of the highway proposed to be located. The circuit court overruled said objection, and on appeal this court said: ''The statute says: 'Whenever twelve freeholders of the county (six of whom shall reside in the immediate neighborhood of the highway proposed to be located) * * * shall petition the board of commissioners [* * *] for the location * * * of any highway, such board, if they are [it shall be] satisfied that [due] notice of such application has been given, [* * *] shall appoint viewers [three persons] to view such highway.' 1 R. S. 1852, pp. [307,] 310, §15 [as amended by] Acts 1859, p. 113, §1 [§5015 R. S. 1881]. The statute, as we have seen, does not definitely point out what the petition must contain. It should, however, be subscribed to by at least twelve persons, should describe the proposed highway, and should name the owners, etc., of the lands through which it may pass. 1 R. S. 1852, p. 307, §1. But an allegation that the petitioners were freeholders, or that six of them resided in the immediate neighborhood of the contemplated highway, is not, in our opinion, essential to the validity of the petition; these facts may be proved on the hearing of the petition, though they are not alleged in the pleading.''

In *Washington Ice Co.* v. *Lay, supra,* this court said at

page 51: "The general highway law provides that the peti-
tion shall be signed by freeholders, but it does not require
that this shall appear upon the face of the petition. The
petition need not, in any case, 'purport to be signed by free-
holders.' *Brown* v. *McCord* [1863], 20 Ind. 270. Whether
or not the petition is so signed, is a question for the deci-
sion of the county board before taking further action upon
it. Objections to the qualifications of the petitioners should
be made at the first opportunity before the county board.
If not made then and there, they will be deemed as waived.
*Little* v. *Thompson* [1865], 24 Ind. 146; *Fisher* v. *Hobbs*
[1873], 42 Ind. 276; *Wilson* v. *Whitsel* [1865], 24 Ind. 306;
*Sowle* v. *Cosner* [1877], 56 Ind. 276; *Turley* v. *Oldham*
[1879], 68 Ind. 114."

Section nine of the Nicholson law provided that it should
be unlawful for the board of commissioners to grant license
to sell intoxicating liquors when a remonstrance in writing,
signed by a majority of the legal voters of the township or
city ward, was filed three days before any regular session
of the board. Acts 1895, p. 251, §7283i Burns 1901.
It was claimed in *Head* v. *Doehleman* (1897), 148 Ind.
145, that such remonstrance, to be sufficient, must allege that
the persons who signed the same were legal voters of the
township or city ward, and that they constituted a majority
of the legal voters thereof. This court, at page 147, said
of §7283i, *supra*: "This section does not prescribe what
the form or language of the remonstrance shall be, nor
what its allegations shall be. It does require that the re-
monstrance shall be against the granting of the license, and
that it shall be signed by a majority of the legal voters of
the township or ward. But it does not require the body of
the remonstrance to state that fact, or that they are legal
voters of the township or ward. A petition for the estab-
lishment of a highway must, in order to confer jurisdiction
on the board of commissioners under the statute, be signed
by at least twelve freeholders of the county. But that fact

—that is, that they are freeholders and residents of the county—need not be stated in the petition. *Little* v. *Thompson* [1865], 24 Ind. 146.'' The court held in said case that, while it was not necessary to allege in the remonstrance that the persons signing the same were legal voters of the township or ward and that they constituted a majority of the legal voters thereof, proof thereof must be made. *Cochell* v. *Reynolds* (1900), 156 Ind. 14, 16, is to the same effect.

Section two of the drainage law of 1881 (§5656 Burns 1901, §4286 R. S. 1881) for the construction of drains by boards of commissioners, provides: ''Before the board of county commissioners shall establish any ditch, drain or watercourse, there shall be filed with the auditor of such county a petition, signed by one or more of the landowners whose lands will be liable to be affected by or assessed for the expenses of the construction of the same, setting forth the necessity thereof, with a general description of the proposed starting point, route and terminus.'' It has been held by this court that it is not necessary to the sufficiency of the petition under said act to allege therein that the person or persons who signed or filed the same own lands liable to be affected or assessed for the expense of the construction thereof; that the only requirement essential to the sufficiency thereof is ''a statement of the facts showing the necessity for the ditch, and a general description of the beginning, route and terminus,'' for the reason that ''this is all the statute requires the petition to contain.'' *Shoemaker* v. *Williamson* (1901), 156 Ind. 384, 386; *Wright* v. *Wilson* (1884), 95 Ind. 408; *Metty* v. *Marsh* (1890), 124 Ind. 18, 21; *Watkins* v. *Pickering* (1884), 92 Ind. 332, 334.

It is evident from the cases cited that it was not essential to the sufficiency of the petition that it allege any of the facts set out above, as claimed by appellants, for the reason that the statute under which this proceeding was brought does not require it.

It is next insisted by appellants that "the petition is not sufficient, because it fails to recommend any specific width for the proposed improvement of the highways mentioned," as required by §7713, *supra.*

The part of said section applicable here provides that the petition "shall set forth the beginning, course and termination of each new highway or part of highway sought to be laid out, established, graded, drained and paved, and the beginning and termination and a general description of each public highway sought to be graded, drained and paved, together with a recommendation of the width of each such highway and of the character of the improvement to be made, and such petition may include one or more of such highways at the option of the petitioners."

The petition was to improve three public highways, described in the petition, and alleged therein "to be connected so as to form one complete system of improved roads," and "that they be improved to the width as now established." This recommendation was sufficient to withstand a demurrer or other objection calling in question the sufficiency of the petition. The width could readily be ascertained from the public records or from the highway itself. The remedy, if any, was a motion to make more specific. This part of the petition was a mere recommendation, for the engineer and viewers appointed by the board in such proceedings are required to determine and report, among other things, "the width of each highway or part of highway to be established or improved." §6794, *supra.* In the petition the words "running in a northeasterly direction" and "running in a southwesterly direction" are used in describing the course of the highway, and that is objected to as being an indefinite description. Said highways are, however, also described by fixed and visible monuments, and the highways to be improved are themselves fixed and visible monuments which control and make certain such words as those mentioned. It is clear that the

court below did not err in overruling the objections made to said petition.

It is urged by appellants, in the points set out in their brief, that "the court below had no power, right or discretion to overrule their objection to a petition of three **7.** of the persons who signed the petition to be reinstated as original petitioners, nor to overrule their motion to strike said petition from the files, and reinstate such persons, and thereby change the issue as to them by allowing such amendment of the petition on appeal."

Appellants in their brief do not set out any application of said petitioners to the board of commissioners withdrawing or asking to withdraw their names from said petition as to themselves, or any order of said board thereon, or the substance thereof. For aught that appears from appellants' brief, if they filed such an application the board did not act thereon or overrule the same. Under such circumstances, said three petitioners were parties to the petition on appeal to the court below the same as they were before the board, and the rulings complained of, if made, did not harm appellants.

Moreover, appellants have not, as required by rule twenty-two of this court, set out in their brief said petition, or their objections thereto, or the motion to strike from the files said petition to reinstate, or any order of the court allowing said petitioners to be reinstated as original petitioners, nor have they set out the substance of any such papers, pleadings, motions or order of the court. The failure to comply with said rule is a waiver of the right of appellants to call in question any of said rulings, even if made. *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490, 497; *Springer* v. *Bricker* (1905), 165 Ind. 532, 535, and cases cited; *American Food Co.* v. *Halstead* (1905), 165 Ind. 633, and cases cited; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, and cases cited.

Appellants contend that the court below erred in overruling their motion for a new trial, which assigned as causes therefor: "(1) The finding and judgment of the court are not supported by sufficient evidence; (2) the finding and judgment of the court are contrary to law." It has been held by this court that causes for a new trial, in the language used in appellants' motion for a new trial, before set out, were unauthorized and insufficient under the statute concerning proceedings in civil cases. §585 Burns 1908, cl. 6, §559 R. S. 1881; Lynch v. Milwaukee Harvester Co. (1903), 159 Ind. 675, and cases cited; Migatz v. Stieglitz (1906), 166 Ind. 361, 364, 365; Hubbs v. State (1898), 20 Ind. App. 181.

What we have said disposes of all the errors assigned and not waived. Judgment affirmed.